Oakley, J.
This is an action on an open policy of insurance, dated the 19 th of February, 1827, on goods, &c. laden, or to be laden on board any vessel from Carthagena to New-York, on account of one Foster, who resided at Carthagena. The defence rests on two grounds : 1st, That the policy never attached upon the goods which were lost, and for which the plaintiff seeks to recover; and secondly, that if it was intended to cover such goods, it was never in fact consummated so as to become a binding contract on the defendants.
Under the first branch of the defence it is contended, that the policy was made by the plaintiff, in pursuance of the orders contained in the letter of Foster to him of the 28th of November, 1826. In that letter the plaintiff is directed to open a policy on cash, to be shipped from Carthagena, by the Bunker-Hill or the Athenian. The cash so shipped by the Athenian arrived ; and if the policy in question was made for the purpose of covering that adventure, it is quite clear, that it cannot now be applied by the plaintiff or Foster, to any other vessel or cargo, though coming within its general terms. On the part of the plaintiff it is contended, that a policy dated the 24th of January, 1827, and also made by the defendants, was the one opened by him, in pursuance of the' directions contained in that letter ; and without going into a detail of the facts of the case, it is sufficient to say, that I consider that the proof satisfactorily shows, that the position assumed by the plaintiff is the true one.
It appears, then, that the policy in question in this case was opened by the plaintiff, without any orders from Foster, with a view to cover any shipment to be made by him, coming within the general terms; that such a shipment was made in the Mary, and that'a partial loss of the cargo has taken place; and the question now is, whether the policy of the 19th of February is binding on the defendants.
It seems to be well settled, that a contract for the benefit of a third person, without his knowledge or authority, is a binding *260 contract bn the promissor, and may be enforced by him for whose benefit it was made. [Schemerhorn v. Vanderheyden, 1 John. R. 139. 3 Bos. and Pul. 149. n. Arnold v. Lyman, 17 Mass. 40010 Mass. 287.]
It,can" therefore be no objection to the policy in question, that it was made without any instructions from Foster; for the plaintiff was Foster’s agent generally, and had been in the habit of frequently making insurances for him. The defendants, having made this policy, and received the premium, cannot be permitted to show any want of authority in the plaintiff to act for Foster. It follows, therefore, as a necessary consequence, that the the defendants are bound, imless Foster has disaffirmed the act of the plaintiff in such a manner as to discharge them from the contract. It appears that Foster, by a letter dated at Carthagena the 5th of February, 1827, gave directions to one Marshall to" effect an insurance of $10,000 on the cargo of the Mary, then about to sail for New-York. The plaintiff, on the 17th of February, wrote from New-York to Foster, that he intended- to effect a policy on his account generally for $5000, so that he might make any shipment with safety. On the 23d of March following, Foster wrote to the plaintiff that he had made a shipment by the Mary, and he instructs the plaintiff, if the vessel had not arrived, to notify the insurers that she had the property on board. He further directs him to ascertain from Marshall, whether he had effected any insurance on the vessel, and if he had, or if the vessel had arrived safe, he was instructed to cancel the policy, and charge the expense to his account.'
Such I understand to be the purport of Foster’s letter, and it amounts to a conditional affirmance of the act of the plaintiff in effecting the insurance. He declares his willingness to consider the policy as effectual if the vessel had not arrived, and his disposition to abandon it, if there had been a previous insurance, or if the -vessel was known to be safe. This conditional ratification may not have been altogether consistent with honesty and good faith: but the question is, whether it was such a disaffirmance of the contract made by the plaintiff', as to discharge the defendants from its obligations. The contingency on which the plaintiff was *261 instructed to consider the policy as effectual, actually happened; the vessel had not arrived when Foster’s letter was received, nor had Marshall effected any insurance on her. It can scarcely he questioned, under such a conditional ratification of the contract, if the vessel hud subsequently arrived safe, that the defendants would have earned the premium, and that it could not have been recovered of them by the plaintiff or by Foster on the ground that the policy had never attached. If the policy, then, became binding on Foster, or the plaintiff, I see no reason why it should not be held to he binding ou the defendants. The intention of Foster to cancel the policy in certain events, which did not happen, cannot, I think, be construed a fraud on the defendants, so far as to release them from their contract, when they had fairly assumed the risk, and had received the premium for it.
I think that the plaintiff is entitled to judgment, the amount to be adjusted as is provided in the case.

Judgment for plaintiff.

[D. Lord, Att'y for the plff. G. W. Strong, Att'y for the deft.]
Note.—The Court decided, that the loss in this case was a partial one merely, and that the plaintiff was not entitled to interest. The underwriters could not make up the amount of the loss from the proofs before them ; they could no.t ascertain the sum to be paid; and where the plaintiff’s preliminary proofs ate thus defective as to the amount of the loss sustained, it would be inequitable to charge the defendants with interest.