525 CASES IN THE SUPREME COURT

New-York, May, 1840.—McLaughlin v. Washington Co. M. Ins. Co.

MCLAUGHLIN vs. THE WASHINGTON COUNTY MUTUAL INSURANCE COMPANY.

The condition of a *policy of insurance* requiring *an account of. loss* is always liberally construed in favor of the assured.

Where there is no doubt as to the *amount* of the loss, *interest* is allowed from the time specified in the policy ; but where the *preliminary proofs* are indefinite in this particular, interest is not allowed.

Where interest is improperly allowed the verdict will not for that cause be set aside ; but the plaintiff will be allowed to *remit.*

THIS was an action on a *policy of insurance*, tried at the Washington circuit in June, 1838, before the Hon. JOHN WILLARD, one of the circuit judges.

The defendants insured the plaintiff against loss or damage by fire to the amount of $1000 on a frame store and $300 on goods contained therein for the term of *six years* from 3d October, 1836. The store and the goods were consumed by fire 29th April, 1837. The plaintiff transmitted to the secretary of the company an account of the loss verified by his oath in these words, " I hereby forward to you an estimate of my loss by fire, as correct as I can come at the same, viz. *amount of merchandize on hand* when said fire occurred was $1497,87. Amount of goods saved $605,29, which are supposed to be damaged in part $54,67. Clothing consumed $53. Amount of produce $19. Thirty half barrels $4, (TOTAL) $1639,54. Deduct amount of goods saved $605,25, (leaves) $1034,07, whole amount of loss as near as we can estimate same. There was no other insurance on store nor merchandize. The store was totally destroyed." The value of the store was proved to be $700, and a clerk of the plaintiff testified to the value of the goods destroyed and that the books, notes and vouchers were [ *526 ] pretty much destroyed. The counsel *for the defendants moved for a *nonsuit* on the ground of the *insufficiency of the account of loss* furnished by the plaintiff according to the requirements of the fourth condition annexed to the policy which is in these words. " IV. All persons insured by this company and sustaining loss or damage by fire, shall forthwith give notice thereof to the secretary, and within thirty days after said loss deliver a *particular account of such loss* or damage to the secretary verified on oath or affirmation ; and also if required by their books of account and other proper vouchers. They shall also declare on oath whether any and what other insurance has been made on the same property. If there be any fraud or false swearing, the claimant shall forfeit all claim by virtue of his policy." The judge overruled the motion for a nonsuit. After evidence on the part of the defendants as to the value of the goods, the judge submitted the case to the jury, instructing them if they found for the plaintiff to allow him *interest* upon such sum as they should find the amount of the loss to be, *after four months* from the time of the presentation of the ac-

count of loss.   The jury found a verdict for the plaintiff for $1000, with the interest thereof after the expiration of four months, &c.  The defendants move for a new trial.

*B. F. Agan*, for the defendants, insisted that the plaintiff should have been *nonsuited* for the insufficiency of the account of loss.   The condition referred to in the policy requiring that the *assured* shall deliver a *particular account* of his loss cannot be held satisfied by a general statement of *amount of goods on hand* without specifying kind, quantity and quality.   Besides the account was *unliquidated* and *interest* should not have been allowed.

*W. Hay*, for the plaintiff, argued that the preliminary proofs not having been objected to when presented, could not be objected to at the trial ; and if the *interest* should be held improperly allowed it may be *remitted* and the verdict stand for the $1000 only.

*By the Court*, NELSON, C. J.   By the fourth condition of   [ *527 ] the policy, the assured is required forthwith to give notice of the
loss, and within thirty days to deliver a particular account of the same to the secretary, verified by oath : and also if requested, the books of account and other papers, &c.   This condition is substantially like that of the Ins. Company, passed upon by this court in 7 *Cowen*, 645, that required "as particular an account as the nature of the case would admit."   The one here requires no more—and the account rendered in that case is not more particular than that furnished here.   This clause has always been construed with great liberality, as the party must necessarily often make out the account under embarrassment arising from loss of books, bills of parcels, &c.   The clause requires only reasonable information to be given, so that the company may be enabled to form some estimate of their rights and duties, before they are obliged to pay.   11 *Johns. R.*, 260.

The defendants were bound by the policy to pay the loss within four months after the presentation of the preliminary proofs : the learned judge ruled at the circuit, that the plaintiff was entitled to interest from that time. It is said in an anonymous case (1 *Johns. R.* 315) that the general rule is, that interest is not recoverable upon unliquidated damages, or for an uncertain demand ; but that jurors in many cases have a discretion to allow interest by way of damages, according to the circumstances of the case, and that they might exercise that discretion in an action on a *policy*, to recover a partial loss.   Interest was also allowed in *Delonguemare* v. *Traders' Ins. Co.* ; 2 *Hall's R.* 589.   There was no dispute in the case but that the loss exceeded the amount covered by the policy.   In the case of *Bridge* v. *Niagara Ins. Co.* ; 1 *Hall*, 261, it was refused on the ground that the defendants were not able to make up the amount of the loss, (it being a partial one) from the proofs furnished them, and therefore, could not ascertain the sum to be paid ; and that where the preliminary proofs were so defective as to the amount of the loss, it would be inequitable to charge the defendants

with interest. It appears to me this is a sound view of the ques-
[ *528 ] tion, and should govern the case before us. *The preliminary
proofs as to the amount of loss, were confessedly loose and inde-
finite ; and though it has been a total one according to the verdict, I should
have thought otherwise upon the proof.

The plaintiff has proposed to strike from the verdict the interest, if the
court should be against him. Let it stand at the $1000.

New trial denied.