*Robinson, Houston* and *Bayard,* for plaintiff.
*Cullen* and *Saulsbury,* for defendant.

---

## HENRY LITTLE *vs.* RHODES HAZZARD & ASBURY W. PRETTYMAN.

One partner may bind another by deed executed in his presence, and with his assent. But this cannot be proved by parol admissions.

THE action was against the defendants as partners, on a sealed instrument, executed by only one of them.

*Mr. Cullen* stated the case as before, [ante., p. 291,] and offered to prove the admission of Hazzard that he was present when the note was given, and assented to it.

*Mr. Layton* objected to this. The authority of one partner to seal an instrument for another, must be proved by deed; it cannot be proved by parol, and of course a recognition by parol will not be sufficient. The subsequent declarations of Rhodes Hazzard, even recognizing the authority of his partner to sign this note for the firm, would not make it his note, nor bind the firm. All such authority must be deed. (*Cary on Part.*, 49 ; 5 *Law Lib.*, 20 ; [50] *Holt. Rep.*, 141; 2 *Harr. Rep.*, 147 ; 4 *Ibid*, 428 ; *Watson on Part.*, 218 ; 2 *Kin. Com. Law Rep.*, 268; 7 *Term Rep.*, 207; 2 *John. Rep.*, 213 ; 10 *East*, 418 ; 1 *Dallas*, 109 ; 1 *Caine's Rep.*, 254.)

*Cullen* and *Houston,* contra.—This is a question of authority. We insist that a partner may bind his co-partner by deed—1. If it be done by the consent, or in the presence of the other partner, or by his authority, and for partnership purposes. 2. If ratified by the partner who did not sign the deed ; and 3. That the ratification may be by parol. (*Story on Part.*, 173 ; 11 *Pick. Rep.*, 300 ; 1 *Hall Rep.*, 262 ; *Coll. on Part.*, 481 ; 4 *Wash. Cir. Court Rep.*, 471 ; 5 *Cranch Rep.*, 289 ; 19 *Johns. Rep.*, 514; 4 *Term Rep.*, 313 ; 1 *Esp. Rep.*, 236 ; 3 *Ibid*, 328 ; *Coll. on Part.*, 423.)

*Mr. Layton* replied.

*By the Court.*

HARRINGTON, *Judge.*—As a principle of the common law, it is well settled that one partner cannot bind another by his deed, unless authorized to do so by the articles of co-partnership, or expressly by deed. No verbal contract or ratification will make it the deed of the person who does not sign it, unless he be present and consent to the signing ; and then it is his deed on another principle, namely, that he in fact signs it by the other, as his agent.

The reason of this rule of the common law has been differently stated. By some writers it is regarded as merely technical, and based on the inherent efficacy of a seal, as importing consideration and implying deliberation; by others as founded on policy, to avoid the danger to which partners would be exposed, if their co-partners have legally the power to bind all the members by deed.

But whatever its foundation or policy, it is unquestionably a rule of the common law. None of the cases doubt it. The recent argu-

ments which oppose it, and the decisions which qualify it, all start with the acknowledgment that this is the common law rule. Judge Story, whose authority is quoted against the reason of the rule, and in favor of a qualification, says, (§ 117,) "It is a general rule of the common law, that one partner, from that mere relation, cannot bind the others by a deed or instrument under seal, either for a debt or any other obligation, even when contracted in the course of their commercial dealings and business, and within the scope thereof; unless, indeed the authority be expressly given under the seals of the other partners, and include the very act done under seal." In *Harris* vs.. *Jackson*, 7 *Term Rep.*, 203, the power of one partner to bind another by deed was for the first time asserted, and Lord Kenyon repudiated it, saying, "it would be a most alarming doctrine to hold out to the commercial world." Chief Justice Marshall, whose opinion has been cited in favor of qualifying the principle, admits the force of this case. He says it has never been questioned; though he has never been satisfied with the extent to which the doctrine has been carried. "The particular point decided in it is certainly to be sustained on technical reasoning, and perhaps ought not to be controverted." (*Anderson* vs. *Tompkins*, 1 *Broc. Cir. C. Rep.*, 462.) Even Chief Justice Jones, in the case so much relied on, of *Gram* vs. *Seton*, (1 *Hall Rep.*, 261,) says "that the principle that a partner cannot by virtue of the authority he derives from the relation of co-partnership, bind his co-partner by deed, has been too long settled to be now shaken." Yet he goes on without authority, to qualify it, so that it shall not bind *without the assent or against the will* of the partner not signing; such assent to be proved by parol, and given by parol. This he considers the fair import of the principle which courts "are disposed to apply" to the use of a seal in joint contracts for co-partnership purposes; and he goes on to apply it accordingly. But where does he get the authority so to change a common law principle? He does not get it from the declaration of Chief Justice Marshall, in *Anderson* vs. *Tompkins*, that he would not push a common law principle, founded only on technical reasons, beyond its admitted application; he does not get it from the loose remark of Justice Story that the principle, though admitted by him to be settled, does not seem to be based on solid reason; nor does he found his decision thus qualifying, and indeed changing a settled common law principle, upon any authority of a decided case which does not rest like his own decisions, on cer-

tain general expressions of dissatisfaction by distinguished judges or legal writers, or their doubts about the solidity of the reasons upon which the principle is supposed to be founded. Yet none of the cases which rule that a partner may bind his co-partners by deed, if assented to or ratified by him verbally, rest on any more substantial authority. Judges may have been disposed to think a common law principle unwise; but what judge sitting in a court of common law jurisdiction, has the right to change the law? And who shall prescribe the limits of the proposed change? One judge thinks it would be safe to let a partner bind his co-partners by deed, "*in matters relating to the partnership business.*" If he may make the law thus, why should not another judge think it safe to bind him in other matters, and make the law so?

And is there no reason in the common law principle? A seal imports a consideration; it implies deliberation; it is the means of binding and conveying land; of settling great interests. No man can use it for another, without his presence and assent; or unless he authorizes it by seal. A partner is no exception to this, and ought to be no exception. It might be all the more dangerous to put this power in the hands of partners, whose powers to bind co-partners are already extensive. Neither is the rule subject to any such qualification, as that one man shall make a deed for another in respect to one kind of property, but not another. This distinction stated in the new cases is entirely of their own creation. It opens the door to disputes about what is the nature of the partnership business; to fraud and perjury, operating to fix a man under a deed by proof of loose admissions by parol; and there is no necessity for such a principle, because the ordinary business of partners may be transacted without sealed instruments; and for extraordinary purposes, the authority of all the partners to execute the deed may be secured by deed. Suppose the case, which is very common among us, for partners in buying and selling goods to be in the habit of buying and selling land also, how does the new law put them under the entire power of their co-partners; and does it not open the door in all cases to perjury, not only in relation to parol admissions of authority, but to the business of the co-partnership? We do not deny that there are recent decisions that the deed of one partner shall bind the others, if it relate to partnership business, and the authority to sign and seal it for all is proved by parol admissions; but there is no such principle of the common law; and we doubt the

right of any common law court to make such law, or the wisdom of it if made.

The decisions of this court have heretofore announced the common law principle on this subject as it exists; and as every judge who has spoken on the subject, has admitted it to be. One member of a firm has not the power to bind the others by deed, unless he has authority to do so by the articles of partnership or other deed. It is no exception to this that one partner may bind another by signing a deed for him, in his presence and by his consent; for this is the signature of both.

You may prove, therefore, in the case the presence of Rhodes Hazzard, when this bill was signed by his partner, and that it was so signed by his assent; but unless you thus make it the deed of Hazzard, he will not be bound by any subsequent admissions of his partner's authority to seal it for the firm.

Verdict for defendant.

*Cullen* and *Houston*, for plaintiff.
*Layton*, for defendants.