Among the multitude of provisions in and connected with the policy in this case, and by which the insurance company have attempted to shield themselves from liability, I do not perceive any one which precludes them from waiving a condition adopted for their own protection. Preliminary proofs were furnished by the insured within the thirty days specified in the conditions, showing the gross amount of the goods destroyed, but not with the particularity required by the contract. As an excuse for the omission, he swore to the destruction of his "books, papers, *Page 98 
bills of purchase and inventories," which disabled him from a strict compliance with the conditions. These proofs were received by the corporation, examined by the directors, who subsequently, but whether within the thirty days, or otherwise, is not expressly proved, required additional proofs, which, on the 7th of August following, were furnished, and received without objection. In the letter inclosing them the attorney wrote: "Inclosed you will receive the additional proof required by you. The applicant for damages, with his assistants, have been engaged for several days in making them," and concludes: "please give me the information expected by the applicant of the action of the company upon his claim." On the fifth of September, the attorney of the company wrote to the plaintiff's attorney that "the company have ascertained the facts in relation to the loss of Mr. Bumstead, in June last, and have come to the conclusion that they are not legally liable to pay him his insurance." He then concludes with an offer of $500, rather than have any litigation at this early stage of their business. From this evidence, the referee has found as a fact, that the inventory and account of the loss and damage, furnished on the 7th of August, was "in full compliance with the requirements of the defendants." This decision of the referee establishes that the request for additional proofs was made after the expiration of the thirty days prescribed in the policy, because they were furnished on the seventh of August, and were a full compliance with the demand of the company. I think the finding is sustained by the evidence; but if it were not entirely satisfactory, there was evidence tending to prove the fact upon which the referee was called to pass, and his conclusion is not, here, the subject of review.
Assuming this fact as established, the referee was correct in the legal inference, that the defects in the original proofs being supplied by the additional proofs furnished in compliance with the request of the company, and received and *Page 99 
retained by them without objection, the defendants thereby "waived the right to insist upon such defects and omissions." The plaintiff had insisted upon the waiver in his replication, and no objection was made before the referee as to the admissibility of the evidence, but only as to its effect. In 6 Cushing (343), the plaintiff's application provided that he should be bound by the act of incorporation, which declared that the insured
should, within thirty days after the loss, give notice inwriting. The only notice given was by letter of the agent of the company, not purporting to be upon the request of the insured. It was held that, as the defendants were in fact notified, and their president had visited the ruins, and as no objection was taken to the form of the notice, and they did not put their refusal upon that ground, but declined paying altogether, they had waived further notice. The same doctrine was affirmed in Underhill v. Agawam M.I. Co. (6 Cushing, 445), and in 16 Wend., 385, 401, and in 23 Wend., 525, 527.
The judgment of the supreme court should be affirmed.
All the judges were in favor of affirmance on both the grounds discussed in the foregoing opinions.
Judgment affirmed.