BUSH v. WESTCHESTER FIRE INSURANCE COMPANY, appellant.

*Fire insurance — conditions in policy. Waiver. Local agent — authority of. Evidence.*

By the conditions of a fire insurance policy, the insured was, in case of loss, required to give immediate notice thereof to the company, and where the loss was that of personal property, to furnish an inventory of the goods lost, etc. Plaintiff's stock of goods which were insured were damaged by fire. He immediately notified the local agents of the company through whom had been issued the policy; they took possession of the damaged goods, and proofs of loss were made out and forwarded to the company in accordance with the directions of such agents. More than a month after receiving such proofs the company rejected them as insufficient, not being in compliance with the requirements of the policy. *Held*, that by neglecting to reject and return the proofs of loss within a reasonable time, the company waived any objections thereto or defects therein.

*Held*, also, that the local agents of the company, having an apparent authority to do so, could waive a strict compliance by plaintiff with the terms and conditions of the policy, although, by their power of attorney from the company, they were unauthorized to do so, plaintiff being ignorant of the restriction. And a demand of the company more than a month after receiving notice that plaintiff should comply with the strict requirements of the policy was a nullity.

Plaintiff who purchased and owned the goods destroyed, his clerk who was familiar with the goods and the business, and a person who made plaintiff's store his office and who had sold plaintiff some of the goods, were asked the amount and value of the goods in the store at the time of the fire. *Held*, that their testimony was admissible. *Teerpenning v. Corn Exchange Ins. Co.*, 43 N. Y. 279, distinguished.

APPEAL from a judgment entered upon the verdict of a jury.

The action is upon a policy of insurance issued by defendant to the plaintiff, Louis Bush, June 21, 1870, for $2,500, upon a stock of merchandise in his possession at the city of Elmira. The policy was issued and countersigned by Sly & Straight, defendant's agents, at Elmira.

By the ninth condition of the policy, it was provided that the persons insured in case of a loss by fire " shall forthwith give notice of said loss to the company, and as soon after as possible render a particular account of such loss, signed and sworn to by them," that a certificate under the hand and seal of a magistrate or notary shall be furnished, and when personal property is damaged the insured shall forthwith cause it to be put in order, assorting and arranging

the various articles according to their kind, separating the damaged from the undamaged, " and shall cause an inventory to be made and furnished to the company of the whole, naming the quantity, quality and cost of each article," and that the amount of sound value and damage shall then be ascertained by appraisal. By the sixth condition of the policy, it was provided that the conditions and restrictions of the policy could be waived only by a distinct specific agreement clearly expressed and indorsed on the policy.

A loss occurred on the 24th of November, 1870, and on the 30th of the same month proofs of loss were handed to Sly & Straight, who immediately forwarded them to the defendant.

By the evidence given at the trial, it appeared that the next morning after the fire plaintiff apprised Sly & Straight, and the agents of other companies in which he was insured, of his loss, and that the agents took possession of the store where the goods and the insured property saved were. An examination was made of the property and of plaintiff's books, lasting through several days, and the various agents came to the conclusion that the loss was total, and no further examination necessary, whereupon the proofs of loss were forwarded. These proofs were received by the company on the 1st of December.

The only statement of the loss ever rendered to the company was one containing amounts of invoices, December 1, 1869, stating purchases from that time to the time of the fire, which, in all, amounted to $44,601.81, and deductions of goods disposed of $21,713.41, leaving a balance of $22,888.40, and these goods saved in a damaged condition, and of the value of $3,000. This statement was handed to Sly & Straight, and by them sent to the company, and received December 1.

The defendant's adjuster came to Elmira in the early part of December, and had an interview with plaintiff, in which he told plaintiff that it was necessary for him to do certain acts in making known the amount of his loss to the company, and asking him to make an inventory of the goods saved, but did not require any inventory of the goods lost. As to whether plaintiff did this or not there was a conflict of evidence.

It was shown that in his action, up to the arrival of the adjuster, plaintiff acted in accordance with the directions of Sly & Straight,

On the 12th of January, 1871, the defendant informed plaintiff by letter, that his proofs of loss were not accepted.

Defendant claimed that plaintiff did not comply with the conditions of the policy in (1) not giving notice of the loss at once to the company; (2) not furnishing an inventory of the goods destroyed.

It was claimed, on the part of plaintiff, that the acts of defendant's agent, at Elmira, constituted a waiver of the conditions of the policy, but defendant denied that the agents had authority to bind it by their acts in relation to the conditions in question. Other facts appear in the opinion.

The jury gave a verdict in favor of the plaintiff for the amount claimed.

*R. King*, for appellant.

*J. McGuire*, for respondent.

BOARDMAN, J. Nearly all the defendant's exceptions to the reception or rejection of evidence and to the charge of the judge are summed up in this proposition: That Sly & Straight, the defendant's agents in Elmira, could not waive the terms and conditions stated in defendant's policy, which was issued by Sly & Straight to plaintiff. If the defendant be successful in sustaining this proposition, under the facts proved, the plaintiff's recovery is wrong; otherwise the objections will not avail.

By the evidence it appears that the policy was not to be valid "unless countersigned by the duly authorized agent of defendant at Elmira, N. Y.;" that Sly & Straight were the agents, and only agents, of the defendant at Elmira; that the loss by fire occurred on the 24th of November, 1870; that proofs of loss were given by plaintiff on the 30th of November, to Sly & Straight, who immediately forwarded the same to defendant; that such proofs were received by the company on the 1st day of December; that such proofs of loss were and are still retained by the company; that no objection to their form or sufficiency was made by the company until the 12th day of January, 1871, when plaintiff was notified by letter from the company that they "are not accepted," without any reason assigned or defect suggested. By the verdict of the jury it is further found, and such finding is sustained by the evidence, that on the morning after the fire Sly & Straight, as defendant's local agents, with the agents of other companies having interest in the loss, took possession of the store and property saved, examined the same and the

plaintiff's books, invoices, etc., agreed that the loss was total; that before the 12th of January, 1871, such of the property as was saved from the fire had been sold by the direction of Clark, the defendant's adjuster; that Clark reached Elmira on December 2, and had various interviews with plaintiff and Sly & Straight, and that plaintiff's loss was honest and for the amount insured. The evidence is conflicting as to whether Clark or any one for defendant demanded any inventory of the goods in the store before the 12th of January. According to plaintiff's evidence none was demanded. Defendant's witnesses swear to the contrary, and that they were refused access to plaintiff's books, etc. Plaintiff and his witnesses testify that such books, etc., were freely shown to defendant's agents until they were lost.

It is apparent from the whole evidence that Sly & Straight, from the time of the fire, assumed to act as defendant's agents in settling the loss and advising plaintiff, in the course which he pursued; that the plaintiff relied on them for information and protection, and that whatever he did was upon their assurance that it was right and proper for him to do. So the jury must have found under their instructions. Sly & Straight had a special power of attorney from the company defining their powers to act, but of this the plaintiff had no knowledge or information until about the time the action was commenced.

Upon the facts of the case, of which a skeleton only is herein given, it is quite evident that by neglecting to reject and return the proofs of loss with notice of their defects within a reasonable time, the defendant waived any objections thereto or deficiencies therein. *Savage* v. *Corn Ex. Ins. Co.,* 4 Bosw. 1; *O'Niel* v. *Buffalo Ins. Co.,* 3 N. Y. 122; *Bodle* v. *Chenango Ins. Co.,* 2 id. 53; *Owen* v. *Farmers' Ins. Co.,* 57 Barb. 518; *McLaughlin* v. *Washington Ins. Co.,* 23 Wend. 525.

It is also equally evident that Sly & Straight and plaintiff acted in the belief that Sly & Straight were properly engaged in the adjustment of the loss and in their instructions to plaintiff; that such conduct was within their employment by defendant, and in the line of their duty under their agency. The jury have found that they acted in good faith, and that plaintiff's loss was without fraud or dishonesty.

Under such circumstances, if an adjustment of the losses was made by the agents of other companies in connection with Sly &

Straight, or with their assent and approval, and if they told plaintiff that such adjustment was all right, and that his loss would be paid, the plaintiff had a right to rely upon such promise, and the defendant should be estopped from denying such agents' acts. Sly & Straight were so far agents for the defendant in that locality (even if not in fact general agents there) as to bind the company in the exercise of an apparent authority with one who was ignorant of any restriction or qualification of their agency. As a consequence they could waive a strict compliance by plaintiff with the terms and conditions of the policy. The reasons for such a rule are presented by MILLER, J., in the case of *Insurance Co.* v. *Wilkinson*, 13 Wall. 222, and the rule is sanctioned by numerous decisions, among which may be cited *Rohrbach* v. *Ætna Ins. Co.*, 1 N. Y. Sup. 339, 341; *Lightbody* v. *North Amer. Ins. Co.*, 23 Wend. 22; *Post* v. *Ætna Ins. Co.*, 43 Barb. 351; *McEwen* v. *Montgomery Co. Ins. Co.*, 5 Hill, 101, 105; *Washington Ins. Co.* v. *Lawrence*, 53 Barb. 316.

Such a rule as to the agents of insurance companies is essential for the protection of the community from fraud and imposition. The jury having found with the plaintiff upon these points, their verdict is conclusive.

The demand made by defendant on January 12th for an inventory of the stock destroyed was a nullity, if the foregoing conclusions of law are justified. It is further submitted that so great a delay as six weeks after the fire before demand made was a degree of laches that should amount to a waiver of right, especially since the property saved had been sold to the knowledge of Clark, defendants' adjuster, and the books and papers had been lost.

Upon a careful examination of the other exceptions in the case, no error is discovered for which the judgment should be reversed.

There was certainly no evidence upon which the jury could have been justified in finding that plaintiff burned his own store. A verdict to that effect would have been set aside as against or without evidence to support it. The testimony may have been sufficient to excite suspicion, but does not rise to the dignity of proof.

*Teerpenning* v. *Corn Exchange Ins. Co.*, 43 N. Y. 279, is cited by defendant to show that the court erred in allowing witnesses to be asked the amount of value of goods in the store at the time of the fire.

The case is readily distinguished from the one under consideration. In Terpenning's case the witness was a farmer having no

knowledge of the quantity, quality or value of the stock, or experience in the business, or the course or results of the business in progress. In this case the plaintiff was the purchaser and owner of the stock, and possessed the most perfect knowledge of its value possible. Taylor was his clerk, auctioneer and salesman, familiar with the goods and the business, and Auhalt was the brother-in-law of plaintiff, making the store his office; had sold plaintiff a quantity of goods not long before; was familiar with the value of the goods in the store; was in the store the day before the fire and had assisted in marking a large amount of goods received just before the fire. These facts bring this case within the authority of *Clark* v. *Baird,* 9 N. Y. 183, 196. Judge JOHNSON, as the result of a careful examination of the authorities, lays down the rule (p. 196) "upon a question of value, the opinion of a witness, who has seen the thing in question, and is acquainted with the value of similar things, is not incompetent to be submitted to a jury." These goods were destroyed. No other persons were as competent as the three called to prove value. An inventory was impossible. The value proved was not the amount to be recovered. It was only to show that plaintiff had an insurable interest to the amount of his policies, which were less than $10,000. The proof by plaintiff and others shows the value of the stock to be $20,000 or over. If plaintiff's evidence in this respect was competent the other evidence, though incompetent, should not affect the result.

For the reasons assigned, the judgment should be affirmed, with costs.

*Judgment affirmed.*