NEWYORK,
August, 1814.

Col. Ins. Co.
v.
Lynch.

THE COLUMBIAN INSURANCE COMPANY *against* LYNCH.

THIS was an action of *assumpsit*, on a promissory note given by the defendant to the plaintiffs, for a premium of insurance. The cause was tried at the *New-York* sittings, in *June*, 1813, before Mr. Justice *Van Ness*, when a verdict was taken for the plaintiffs, subject to the opinion of the court, on the following case:

The plaintiffs, by an open policy of insurance, on the 5th of *October*, 1811, insured for the defendant, the sum of 20,000 dollars, on goods laden, or to be laden on board the *American* ship *Ann*, for a voyage, " at and from *Bayonne*, to the first port she might make in the *United States*." The premium was *fifty per cent.*, and the policy contained the following written clause relative to prior insurance. " Provided always, and it is hereby further agreed, that if the said assured shall have made any other insurance on the premises aforesaid, prior in date to this policy, then the said *Columbian Insurance Company* shall be answerable only for so much as the amount of such prior insurance may be deficient towards fully covering the premises hereby insured; and the said *Columbian Insurance Company* shall return the premium upon so much of the sum by them insured as they shall be by such prior insurance exonerated from. And in case of any insurance upon the said premises subsequent in date to this policy, the said *Columbian Insurance Company* shall, nevertheless, be answerable for the full extent of the sum by them subscribed hereto, without right to claim contribution from such subsequent assurers; and shall, accordingly, be entitled to retain the premium by them received, in the same manner as if no such subsequent assurance had been made." In *September*, 1811, goods, consisting of wine, brandy, and 17 bales of furniture, were shipped on board the *Ann* at *Bordeaux*, for the account and risk of the defendant, the invoice price of which, deducting an interest of *Lewis Barry*, was 9,512 dollars. The ship arrived in safety at *New-York* on the 15th of *December*, 1811, with the wine, brandy, and furniture, which were duly delivered to the defendant. One case of the furniture, which had been damaged on the voyage, was surveyed by the war-

A policy of insurance was effected in *Philadelphia* the 27th of *September*, 1811, on goods "from *Bayonne* to *New-York*," to the amount of 7,000 dollars; and on the 5th of *October*, 1811, another policy on the same goods was underwritten at *New-York*, on a voyage "at and from *Bayonne* to the first port the vessel might make in the *United States*, at 20,000 dollars. The vessel arrived at *New York* in safety; it was held that the risk on the second policy was not divisible, and that the insured were not entitled to a return of premium from the underwriters at *New-York*, on the amount covered by the prior insurance in *Philadelphia*. To constitute a *double insurance*, it seems that the two insurances must not only be for the benefit of the same person, and on the same subject, but for the *same entire risk*.

NEWYORK, dens of the port, and sold at auction, the nett proceeds of which
August, 1814. was 468 dollars and 5 cents. The invoice cost of the case of
Col. Ins. Co. furniture was 1,094 dollars, but with premium and charges,
v. amounted to 2,173 dollars and 46 cents.
LYNCH.

The note on which this action was brought, was given for the premium of the insurance effected by the above-mentioned policy. The defendant claimed from the plaintiffs a proportionate part of this partial loss; but the plaintiffs objected that it ought to be borne by the other insurers, as far as their policy covered the premises, in the first instance, and that the plaintiffs were liable no further than for their proportion of the invoice, beyond the *Philadelphia* policy, which was an open policy, dated the 27th of *September*, 1811, made by the *Philadelphia Insurance Company*, on the same wines, brandy, and furniture of the defendant, on board the same ship *Ann*, on a voyage " from *Bayonne* to *New-York*," to the amount of *seven thousand dollars*, for a premium of 40 *per cent.*

The defendant offered to show, that the premium for the risk at *Bayonne* would not exceed 5 *per cent.*, which was objected to by the counsel for the plaintiffs, but admitted by the judge. The defendant insisted that he was entitled to a return of premium upon the amount of the *Philadelphia* policy, allowing the plaintiffs a reasonable premium for the risk *at Bayonne*, on that amount. It was agreed, that if the court should be of opinion that the defendant was entitled to any return of premium on the policy underwritten by the plaintiffs, then the amount of such return premium, to which the defendant should be deemed entitled, should be deducted from the amount of the verdict, and judgment entered for the residue; but if the court should be of opinion that the defendant was not entitled to any return of premium, a judgment was to be given for the plaintiffs on the verdict as it stood: both parties to be at liberty to refer to the policies on the argument.

*S. Jones,* jun. for the plaintiffs. The plaintiffs are entitled to recover, without any deduction for a return of premium.

This is not a case of prior insurance. The *Philadelphia* policy is only *from Bayonne* to *New-York*. The policy here is, *at* and from *Bayonne* to a port in the *United States,* so that it attaches on a prior and different risk. There is nothing in the *Philadelphia*

policy which shows a prior insurance, but its date. To constitute a prior insurance, the second policy must be on precisely the same risks, or premises. The plaintiffs were, for a time, that is, *at Bayonne*, exclusively on the whole risk; and are, therefore, entitled to the whole premium. Where the risk is entire, and has once commenced, it is the general rule that there shall be no return of premium.[*] The risk, in the present case, was not divisible, but entire.[†] It is for the defendant's counsel to show that this case does not come within the general principle.

NEW-YORK,
August, 1814.

COL. INS. CO.
v.
LYNCH.

[*] Doug. 751.
Bermon v.
Woodbridge,
Marsh. on Ins.
661, 662.
[†] Marsh. 652.

*D. B. Ogden*, and *T. A. Emmet*, contra. The object of the clause in the policy was to prevent any questions about contribution between different underwriters, in cases of *double insurance* ; and if this is a case in which one of the sets of underwriters, paying the loss, might call on the other for a ratable contribution, it is precisely the case for which the clause in question was intended to provide. "Double insurance," says *Park*,[‡] "is where the same man is to receive two sums instead of one, or the same sum twice over, for the same loss, by reason of his making two insurances on the same goods, or the same ship;" or, as *Marshall*[§] expresses it, "when the insured makes two insurances on the same risk, and for the same interest ;"— "with a view of receiving a double satisfaction in case of loss." In cases of double insurance, the insurer may recover his loss against which of the underwriters he pleases, but he can recover only the real amount of the loss: and the underwriters who pay the loss may call upon the others to contribute. The *English* rule on this subject was adopted by the supreme court of the *United States*, in 1800, in the case of *Thurston* v. *Koch*.[||]

[‡] Park on Ins. 373.

[§] Marsh. on Ins. 146.

[||] 4 Dall. 318.

So far as the voyage is from *Bayonne* to *New-York* the two policies are precisely on the same risk ; but it is not necessary that the *termini* should be, in every respect, the same. In *Rogers* v. *Davis*,[**] the action was on a policy on a voyage from *Newfoundland* to *Dominica*, and from thence to the port of discharge in the *West-Indies ;* the plaintiff had before insured, at *Liverpool*, by another policy, on a voyage "from *Newfoundland* to *Barbadoes*, and the *Leeward Islands*, with an exception of *American* captures; and the plaintiff recovered the full amount, with leave to the defendant to bring an action against the *Liverpool*

[**] Marsh. 147, 148. Beawve's Lex Mer. 242, Park, 374, 377.

NEWYORK,
August, 1814.

Col. Ins. Co.
v.
Lynch.

underwriters, if he thought fit.    The defendant, afterwards, brought an action for money had and received against an underwriter on the *Liverpool* policy, and under the direction of Lord *Mansfield*, who was of opinion that it was a *double insurance*—the plaintiff recovered.    In neither of those cases was the fact of the difference between the voyages described in the two policies, regarded as material.

To make a double insurance it is only necessary that the different insurances should be for the benefit of the same person, on the same subject, and for the same risks, in whole or part.

* 1 *Burr.* 489.
1 *Bl. Rep.* 103.
S. C.

In *Godin* v. *London Assurance Company*,* there were three different policies, one on the ship and goods "at and from *London* to *St. Petersburgh*, and at and from thence back to *London*;" one on goods only "at and from *St. Petersburgh* to *London*;" and the other on goods only "at and from the *Sound* to *London*;" and as they were different persons, having different interests in the same subject, the plaintiff was held entitled to recover the whole on his policy; but it was admitted, by Lord *Mansfield*, as clear law, that if all the policies had been for the benefit of the same person, it would have been a case of *double insurance.*

These cases show conclusively, that the present case, if the clause in question had not been in the policy, would have been that of a *double insurance*.    This clause is not to be found in the *European* policies, and is peculiar to policies here, having been introduced, as has already been stated, solely for the purpose of preventing the effect of the doctrine of double insurance.    If so, then this is clearly a case of *prior* insurance, within that clause.    Indeed, it appears that, in regard to the claim for the partial loss on the case of furniture damaged, the insurers defended themselves on the ground of there being a *prior insurance.*

If, then, the different underwriters would have been liable to contribute in this case, on the doctrine as to double insurance, they must, on principles of justice, be obliged to return a portion of the premium, to the amount of the risks taken by others. The introduction of the clause as to prior insurance has not altered the law as to a return of premium.    We admit that the general rule is, that where the insurance is "at and from" a place, the risk is not divisible.    But we say that, in this peculiar case, it must be considered as divisible, by the agreement of the parties. Where the parties do an act which prevents the application of

the general rule, and produces a necessity of deviating from it, and dividing the risk, it shall be done. Here the parties have, by their own contract, created a state of circumstances which renders it impossible to do justice without dividing the risk. It is a necessity growing out of the stipulation of the parties, and ought to have the same effect as an express stipulation. In all cases where it is laid down that the risk is indivisible, a right to contribute exists, so that equity is done. Then, when the parties stipulate that there shall be no contribution, must not the court, of necessity, make the risk divisible, in order to dispense the same equity, and make the contract what it is, and ought to be, a contract of indemnity only, and no more?

The apportion is for the benefit of the assurers, and they ought to furnish the evidence and the *data* for calculating the amount of premium to be returned. There is really no such difficulty as is pretended, in estimating the different risks at and from a place. It is only to deduct the value of the risk *from Bayonne*, which is easily known, from the value of the risk *at* and *from Bayonne* to *New-York*, and the residue is the value of the risk *at Bayonne*.

The words " premises aforesaid," mean the *property* insured, not the exact voyage. The property insured in this case being covered by a prior insurance, the *casus fœderis* has happened; so that on this contract, whether the risk is divisible or not, there must be a return of premium on the amount covered by the prior insurance. The extent to which the plaintiffs would have been exonerated by the prior insurance, measures the extent of the return of premium. The insured are not bound to pay more than one premium; and the underwriters can claim but one premium, and that for the risk run by them. If there had been a total loss in this case, the plaintiffs would have said, " you must first resort to the underwriters on the *Philadelphia* policy for the amount insured there; we will pay you only for what you are not covered by that policy." On what principle of justice or equity, then, can the plaintiffs retain the whole premium? The *Philadelphia* policy being prior in date, the underwriters there cannot be called on to return any part of the premium, for, in case of loss, they must have paid the sum subscribed by them.

*Jones*, in reply, said, that it was an established principle, that where the risk is entire, and has commenced, there can be no return of premium, unless the parties, by their contract, have

fixed the amount of premium to be returned. All the writers on the subject of insurance expressly give their opinions against apportionment and return of premium, on account of the great and almost insuperable difficulty of ascertaining the value of the risk run, and the amount of premium to be returned. Estimates of risks vary in different places, and with the varying opinions of different underwriters. Not a case is to be found of a return of premium where the *iters* insured in the two policies were different. It is true, that where the loss happens in an *iter* common to both policies, a case exists in which one set of underwriters, paying the whole loss, would have a right to call on the others for contribution. But where no loss has occurred, how is it possible to determine in which of the two *iters* it would have happened? Suppose the loss to have happened at *Bordeaux*, the plaintiffs would then have been obliged to pay the whole, without any right to call on the *Philadelphia* insurers to contribute a ratable proportion.

Again, suppose, instead of insurances for different parts of the same voyage, policies on different risks, and that the *Philadelphia* policy was against *sea* risks only, and the *New-York* policy against capture in port only, would there be any return of premium in such a case?

The notion of apportionment of risks, in cases where no rule of apportionment has been agreed upon by the parties, is an over refinement in the law of insurance, and, like its *twin sister*, *pro rata* freight, owes its birth to the ingenuity of Lord *Mansfield*.*

* *Marsh.* 656. 3 *Burr.* 1237.

Yates, J. delivered the opinion of the court. The important and leading question is, whether there ought to be a return premium of forty-five *per cent.* on seven thousand dollars, covered by the *Philadelphia* policy. The policy underwritten by the plaintiffs contained the usual printed clause, relative to prior assurances.

The definition of a double insurance given by Lord *Mansfield*, in the case of *Godin and others* v. *The London Assurance Company*, (1 *Burr.* 489.) will not aid the construction of the printed clause, as contended for by the defendant's counsel. His lordship says, "it is when the same man is to recover two sums instead of one, or the same sum twice over, for the same loss, by reason of his having made two insurances on the same goods, or the same ship." His lordship could never have intended that two

insurances on the same ship, *not for the same entire risk,* was a double insurance; and if not, the case before us cannot be deemed one of that description.   The case of *Thurston v. Koch,* (4 *Dallas,* 348. 1 *Marsh.* 115.) supports the principle that the risk must also be the same.

It must be admitted that the greatest part of the risk contained in the policy of the *Columbian Insurance Company,* according to the manner this voyage has been performed, is comprehended in the *Philadelphia* policy, and being prior in date, they were exclusively liable for the part assured by them. If, then, the terms contained in the proviso of the *New-York* policy will warrant a return of premium, for the proportion of risk which that company could not be made liable to pay, it would, perhaps, be desirable that it should take place.   In order, therefore, to come to a correct decision, the question of apportionment or divisibility of risks must be inquired into.

The policy underwritten by the plaintiffs, is *at and from Bayonne to the first port the ship might make in the United States.* The one prior in date, and subscribed by the *Philadelphia Company,* is *"from Bayonne to New-York,"* leaving an opening for incidents which might have happened, making the plaintiffs liable for a total loss; this would have been the consequence of a disaster while the vessel was lying at *Bayonne,* and for which risk the *Philadelphia Company* were not on the policy. There is also a variance in the policies as to the port of destination ; the one prior in date, is from *Bayonne* to *New-York;* the second is from *Bayonne* to the first port the ship might make in the *United States;"* so that if the destination of the ship had been to any port in the *United States,* except *New-York,* an exclusive responsibility might have been incurred by the plaintiffs for the whole amount insured. It is, in fact, a risk for an entire voyage, both at and from *Bayonne,* and the sum paid is in gross.   There is no part of the policy which will authorize a different construction.   The difficulty as to apportioning the premium, therefore, appears to me to be insurmountable. It is impossible to ascertain the degree of risk, *without travelling out of the contract;* or how much of the premium shall be apportioned to each different part—what amount for the risk at *Bayonne,* and how much as to the other part of the voyage.

I cannot discover how the plaintiffs can be deemed to have estimated the difference of risk by their own act.   They certainly had no agency in the first insurance, nor, for aught

that appears, had they any knowledge of it, when they subscribed their own policy   They, consequently, cannot be bound by the act of others, any further than their own contract recognises that act, which contract must govern this case. The policy, therefore, can only be resorted to, and no part of it warrants the construction, that the parties, in any event, contemplated a division of the risk. It must, therefore, be viewed as one entire contract; and on such a contract the rule is inflexible, that if the loss happens any time after the commencement of the risk, there can be no return of premium. In this instance the risk commenced at *Bayonne;* no return of premium, consequently, can be awarded.

The decision in the case of *Bermon* v. *Woodbridge,* (*Doug.* 75.) goes to establish this principle. The policy there was on the ship and cargo, at and from *Honfleur* to the coast of *Angola,* during her stay and trade there, at and from thence to her port or ports of discharge in *St. Domingo,* back to *Honfleur.* The vessel was captured before she reached *St. Domingo;* it was contended that the voyage insured ought to be considered as composed of three distinct parts, or voyages; 1. From *Honfleur* to *Angola;* 2. From *Angola* to *St. Domingo;* 3. From *St. Domingo* to *Honfleur,* and that as the voyage from *St. Domingo* had never taken place, no risk had commenced, and the premium ought, on this account, to be apportioned, and a return made of that part which was paid to insure the risk from *St. Domingo* to *Honfleur.* Lord *Mansfield,* in giving the opinion of the court on the question of divisibility, says, it is an entire contract, and if the loss happen at any time after the commencement of the risk, there shall be no return of premium. Without, therefore, violating this established rule in the law of insurance, it cannot be done in the present case.

It is, perhaps, to be regretted, that the parties did not provide for it in making the contract, by expressly excepting prior insurances for the whole or *any part* of the voyage, and stating the amount of the risk *at,* and what it should be *from,* or establishing some rule of apportionment, so that the part covered by the prior assurance might be distinctly known and separated; but as this has not been done, the proviso in the policy does not authorize the separation of the risk; and, consequently, no return of any part of the premium. Judgment must therefore be entered for the plaintiffs.

Judgment for the plaintiffs.