JULIAND *against* BURGOTT AND BURGOTT.

THIS was an action of debt on a bond, dated *December* 3, 1811. The bond recited a sale and conveyance of certain lands by the defendant, *Peter Burgott*, to one *Van Vliet*, and a sale and conveyance of the same land by *Van Vliet* to the plaintiff, by deed, bearing even date with the bond. The condition of the bond was, that if the defendants, their heirs and assigns, should secure the plaintiff, his heirs and assigns, free from all legal encumbrances, either by deed, mortgage, or otherwise, now in existence, and binding on the premises, the obligation should be void. The condition further stated, that it was agreed between the parties, that the defendants should see the lands free from all encumbrances, as above mentioned, by the 20th day of *February*, 1812. The plaintiff, in his declaration, averred that *Peter Burgott*, in 1806, mortgaged the lands to secure the payment of a sum of money, payable in 1809, which mortgage was registered, and remained unsatisfied at the date of the bond, and that the defendants did not, by the 20th day of *February*, see the premises freed from all encumbrances, &c. which were in existence and binding, at the execution of the bond, as they were bound to do according to the tenor of the condition thereof. To this declaration, after *oyer* prayed, the defendant demurred specially, assigning for cause of demurrer, that it was not stated that the plaintiff had been evicted by legal process under the mortgage, or any other encumbrance. The plaintiff joined in demurrer. (See *S. C. ante*, p. 6.)

*Clapp*, in support of the demurrer. The plaintiff, in his declaration, avers an existing mortgage, remaining as an encumbrance on the land. We contend that the agreement amounts to a covenant for quiet enjoyment, &c.; and it was incumbent on the plaintiff to have averred and shown an *eviction* under that mortgage. The case is perfectly analogous to that of *Van Slyck* v. *Kimball*.[*] There was a covenant to indemnify and save harmless from all demands, &c. by reason of a certain *mortgage;* and the court held it to be a covenant for quiet enjoyment.

[*] 3 *Johns. Rep.* 198.

*Marginal note:* Where the condition of a bond was, that the obligor should secure the obligee from all encumbrances on certain lands, and it was agreed that the obligor should see the lands free from all encumbrances by the 20th of *February;* it was held, that it did not amount to a covenant for quiet enjoyment; and that if the land was not freed from all encumbrances by the 20th of *February*, there was a breach of the condition, and the obligee might recover on the bond, without showing any eviction.

NEW YORK,
October.1814.

JULIAND
v.
BURGOTT.
* See *S. C.*
*ante*, p. 6.

*Vanderlyn*, contra. The question now raised was, in truth, argued, when this cause was decided on the former demurrer.* The only objection then was that the plaintiff had not specified a particular outstanding mortgage. In the present declaration, the plaintiff has done so. This is merely a covenant to free the land from all encumbrances, by a certain day. Where there is a covenant of indemnity only, there is no breach until the party shows he is damnified; but where the covenant, or condition, is to do a certain thing by a certain day, there the party must show a performance; and the plaintiff is entitled to his action for the non-performance.

YATES, J. delivered the opinion of the court. This bond is not tantamount to a covenant for quiet enjoyment. It is given for the performance of an act by a certain day, particularly stated in the condition, and for the non-performance of which the plaintiff is entitled to his action. The words in the condition are, "And it is expressly understood and agreed between the parties to these presents, that the said *Peter* and *Garrit* are to see the lands freed from all encumbrances, by the 20th day of *February*, 1812."

The plaintiff states in his declaration a mortgage duly registered, the parties to it, the amount secured by it, that it existed when the bond was executed, and that it remained unsatisfied on the 20th of *February*. This is sufficient, without showing an eviction. No molestation in the possession of the premises was essential to the remedy; nor was it necessary that proceedings should be had on the mortgage, by foreclosure, or otherwise. The injury to the plaintiff exists without it. It is enough that the encumbrance had not been removed at the time stipulated by the defendants.

The case of *Van Slyck* v. *Kimball*, (8 *Johns. Rep.* 198.) cited by the defendants, cannot affect this decision. There the defendants had sold to the plaintiff a piece of land, and covenanted with him to indemnify, and save him harmless, from all demands, dues, and damages whatsoever, which might happen or arise to him from a certain mortgage on the same land. The court decided, that this was tantamount to a covenant for quiet enjoyment, against the mortgage, and that the plaintiff could not maintain an action for a breach of the covenant, without showing an eviction under the mortgage, because it was the very essence

3

of the covenant, that he should show himself damnified by being disturbed in the enjoyment of the property, by due course of law, before he could sustain his action on the covenant, and which could only be shown by an eviction; but it is not so in the case before us. The covenant is, that all encumbrances should be removed by the defendants on a given day, which has not been done. The defendants, therefore, are in default, and the declaration sets forth the whole with proper averments; the plaintiff, consequently, is entitled to judgment.

<div style="text-align: right">

NEW YORK
October, 1814.

</div>

<div style="text-align: center">

Judgment for the plaintiff.