WESTERN FEMALE SEMINARY (BLAIR v.). See Case No. 1,486.

━━━━━━

## Case No. 17,435.

### In re WESTERN INS. CO.

[6 Ben. 159.] 1

District Court, N. D. New York. June, 1872.

INSOLVENCY OF INSURER—RETURN OF PREMIUM—DEDUCTION FROM PREMIUM NOTE.

An insurance company, which had issued a policy, and received the promissory note of the

---

6 [From 3 Woods, 691.]

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

assured for the premium, dated April 1, 1871, became insolvent on October 9, 1871. The note passed into the hands of the assignee in bankruptcy. On the 13th of October. 1871, the assured surrendered the policy. After the note became due, they petitioned for an order directing the assignee to receive, in full of the note, an amount proportionate to the time the note had run before the surrender of the policy. *Held*, that the petitioners were not entitled to any return of premium, or to any deduction from their note.

[In the matter of the Western Insurance Company, a bankrupt.]

HALL, District Judge. Daniel D. Harnett, Joseph Kimball, and Joseph Waltman, at the time of the great fire in Chicago, on the 9th of October, 1871, held a marine policy issued by the bankrupt, and dated April 1, 1871, by which they were insured to the amount of $4,500 against loss or damage to the bark J. S. Austin, by reason of certain enumerated perils. The bankrupt then held, and the assignee in this case now holds, the promissory note of the assured, given for the premium upon said policy, and the assignee has demanded payment of such note. The assured have refused payment, and have now presented their petition, in which they allege and insist, that, by reason of the insolvency of the bankrupt, caused by such fire in Chicago, and its consequent inability to fulfill its contract of insurance, there was a partial failure of the consideration of said promissory note; for the reason that said policy did not, by its terms, expire until the 5th day of December, 1871, and was surrendered by them on the 13th day of October of that year, in consequence of such insolvency, and of their inability otherwise to effect any further insurance upon their vessel; and they, therefore, pray that the assignee in this case may be directed to receive, in full of such premium note, such proportion of the amount thereof, as the time said policy had run before its surrender bears to the whole time the said vessel was thereby insured. The facts are not controverted, and the petition is, in substance, an application for a return of a portion of the premium, as unearned.

There is no ground upon which this petition can be maintained. The petitioners are not, in my judgment, legally entitled to any return of premium, or to any deduction from their note given therefor. The risk had commenced, and the policy had been operative for several months before its surrender, and no case has been cited in which there has been an adjudication that the assured were entitled to a pro rata return of premium under similar circumstances.

It was insisted, on behalf of the petitioners, that, upon the surrender of the policy, there was an implied contract to repay the unearned portion of the premium, but no authority was cited in support of the position so assumed, and no reason was stated which should take the case out of the general rule that there is to be no return of premium, except under express agreement, in any case where the policy has attached, and the risk has commenced. See Hendricks v. Commercial Ins. Co., 8 Johns. 1; Waters v.

Allen, 5 Hill, 421; Insurance Co. v. Roberts, 4 Duer, 141; Columbian Ins. Co. v. Lynch, 11 Johns. 233; Phil. Ins. c. 22, §§ 1820, 1832. The ordinary time policy of insurance is a contract of indemnity, for the time specified, as a single and indivisible period, during which the character and danger of the risk is subject to frequent change; and the assured has no right, by his own act, after the commencement of the risk, to determine that he will no longer pay the agreed rate of premium on the insurance, and then surrender or cancel his policy, and receive back a portion of the premium as unearned. No such contract to repay any portion of the premium received is implied, under the circumstances stated in the petition.

It was also insisted, that the consideration of the note had partially failed, by reason of the insolvency of the insurance company, and the subsequent surrender of the policy; and that this was a partial defence to the premium note; but their counsel failed to cite any authority, and I am unable to discern any acknowledged principle of law or equity jurisprudence to sustain the point thus made. If the petitioners had become insolvent, in consequence of the Chicago fire, and the insurance company had remained solvent, and had surrendered their note to the petitioners, because it was deemed for the interest of the company to do so,—either in reference to some business arrangement with other parties, or because they thought an attempt to collect it would require a useless and unwise expenditure,—it would hardly be contended that the company was not liable for a subsequent loss, unless there was some express provision in the policy upon which such a claim could be based.

In every view which I have been able to take of the case, the petitioners are liable for the full amount of their promissory note, and their petition is, therefore, dismissed, with costs.