SARAH D. HAWKINS, RESPONDENT, *v.* WALLACE W. MOSHER, SURVIVING ADMINISTRATOR OF THOMAS HARTER, DECEASED, APPELLANT.

*Covenants of indemnity and covenants to perform specific acts — distinction between — Measure of damages upon loss of leasehold interest — evidence as to.*

Plaintiff and defendant's intestate entered into an agreement whereby the latter agreed, in consideration of a sum of money paid to him by plaintiff, to procure the discontinuance of two foreclosure actions then pending, and to purchase certain mortgages and hold them until the expiration of a lease, owned by plaintiff, of the mortgaged premises, so that she might enjoy the use of the same during the term of the lease. The intestate having failed to purchase, two of the mortgages were foreclosed, and just as the premises were to be sold the plaintiff sold out her lease for $625. The lease had then two years and three months to run, and all the rent, except for one year, had been paid in advance at the rate of $500 a year.

In an action to recover damages for a breach of the agreement, *held*, that the plaintiff was not bound to wait for an actual eviction, but that the agreement was broken as soon as the intestate failed to perform the specific acts required by the agreement, viz., to purchase and hold the mortgages.

That she was entitled to recover as damages the actual value of the premises for the unexpired term of the lease after deducting therefrom the rent to be paid.

*Held,* further, that in determining the value of the use of the premises the referee was not confined to the receipts from and the expenditures upon them.

The distinction between a covenant of indemnity and a covenant to do a specific act, discussed.

APPEAL by defendant from a judgment entered on the report of a referee on a claim presented by plaintiff against the estate of the defendant's intestate, and also from an order made at the Special Term confirming said report.

*G. W. Smith,* for the appellant.

*J. A. Steele,* for the respondent.

SMITH, J. :

By the terms of the parol contract between the plaintiff and the defendant's intestate, as found by the referee, the latter party agreed, in consideration of the sum of $821.22 to him paid, to prevent a foreclosure sale of the premises of which the plaintiff was the lessee, and to procure the foreclosure proceeding, then pending, on two of the four mortgages which covered the premises to be discontinued, and to purchase all of said four mortgages and hold them until the expiration of the plaintiff's lease, so that the plaintiff could occupy the premises and have the benefit of the same during the full unexpired term of the lease. The plaintiff paid the consideration and the agreement was partly executed by the intestate. But he neglected to purchase all of said four mortgages and hold them. Foreclosure proceedings were commenced on two of them, and prosecuted to a notice of sale; during the plaintiff's term a sale being about to take place, she sold her lease for $625, there being about two years and three months of the term unexpired, for all but one year of which she had paid rent in advance at the rate of $500 a year. The referee found that the use of the premises was worth $500 a year more than the amount of rent agreed to be paid. The plaintiff claimed, in her statement of claim, $800 on account of the excess of the value of the lease over the rent, which sum, with interest on it from the date of the expiration of her term, and some minor claims, which were not disputed, the referee allowed to the plaintiff.

It is contended by the appellant's counsel that the substance of Harter's agreement was merely that the plaintiff should have quiet enjoyment, and that until ousted, there was no breach. The agreement was more than that. It was to do certain specific acts, to wit, to purchase the outstanding mortgages, and hold them until the expiration of the plaintiff's term. On the failure of the intestate to do either of those things, his agreement was broken. The difference between mere covenants of quiet enjoyment and covenants to do some specific acts, the object of which is to secure the possession of the covenantee, is recognized by numerous decisions. In the former class there is no breach till actual eviction. (*Waldron* v. *McCarty*, 3 Johns., 472; *Kortz* v. *Carpenter*, 5 id., 121; *Sedgwick* v. *Hollenback*, 7 id., 376; *Kemball* v. *Van Slyke*, 8 id., 487; *Kerr* v. *Shaw*, 13 id., 236.) In the latter class failure to do the specific thing stipulated for, gives a right of action, even though the possession be not disturbed. (*Juliand* v. *Burgott*, 11 Johns., 477; *Thomas* v. *Allen*, 1 Hill, 145; *Gilbert* v. *Wiman*, 1 N. Y., 550; *Rector, etc., of Trinity Church* v. *Higgins*, 48 id, 532.) The present case has been before this court on a former appeal, and on that occasion it was held, in effect, that the agreement of Harter was broken by his failure to purchase all four of the mortgages, so that the plaintiff had a perfect cause of action, and a judgment of nonsuit which had been theretofore ordered was set aside and a new trial ordered. (MS. op. of GILBERT, J.) This brings us to the question, what is the proper measure of recovery? Nominal damages, or the value of the unexpired portion of the term? I think the latter. The term of the lease was subject to the outstanding mortgages, and their amount largely exceeds its value. A foreclosure and sale under them would have deprived the lessee of her entire interest. To secure to her that interest was the purpose of the arrangement. The object was not to indemnify her in case of an eviction, but to prevent the possibility of an eviction, and to make her term worth to her what it would have been worth if the mortgages had not been in existence. The extent of the probable loss of value by reason of the existence of the incumbrances is the measure of damages, even though the lessee paid nothing on account of the incumbrances, and was not disturbed in her possession. These views are sustained by authority. In *Port*

v. *Jackson* (17 Johns., 239), the plaintiff, who was the assignee of a lease for a term of years, had assigned the same to the defendant, and the latter had covenanted to perform all the covenants, etc., to be performed by the plaintiff, among which was a covenant to pay the rent as it should accrue upon the lease. The action was covenant to recover the amount of rent alleged to be due to B., the plaintiff's assignee, for about twenty-four years. Defendant pleaded that before any rent became due, he assigned the term to G., who entered and was accepted by B. as his tenant. *Held*, on demurrer, that the plea was bad; that the defendant's covenant was express to pay the rent, etc., for which the plaintiff remained liable on his covenant to B. by privity of contract, notwithstanding the assignment by the defendant to G. and the acceptance of him by B. as his tenant; that the defendant's covenant was broken by the non-payment of the rent, and the plaintiff was entitled to recover the whole rent in arrear, for which he was liable on his covenant with B., though he had paid nothing, and had not been damnified. In *Gilbert* v. *Wiman* (*supra*), it was said by PRATT, J., in the Supreme Court, after stating the rule as to strict contracts of indemnity against damages : " But in personal contracts, where the instrument deviates the least from a simple contract to indemnify against damages, even when indemnity is the sole object of the contract, and when in consequence of the primary liability of other persons, actual loss may be sustained, the decisions of our courts, although by no means uniform, have gradually inclined towards fixing the rule to be one of actual compensation for probable loss, so that in contracts of that character it may now be considered as a general rule both in this country and in England." Although the decision of the Supreme Court in that case was not concurred in by the Court of Appeals, the rule above stated was not questioned, the latter court holding that the obligation sued on was one of indemnity merely. In the case of *The Rector, etc.*, v. *Higgins*, above cited, it was held by the Commission of Appeals that a covenant in a lease, whereby the lessee agrees to bear, pay and discharge all taxes and assessments which shall be imposed upon the demised premises during the term, is broken when the lessee neglects to pay a tax or assessment duly imposed. It is not simply a contract of indemnity, but by it the tax or assessment, as between the parties,

becomes the debt of the lessee; the lessor, therefore, can maintain an action thereon without first paying the tax or assessment, and, as damages, he is. entitled to recover the amount of such tax or assessment. And the general doctrine was asserted that parties have the right to make a contract contravening the rule that actual compensation will only be given for actual loss, and where the intent so to do is expressed in apt and suitable language, courts of justice will support it. In that case, Leonard, C., cited many other cases (p. 537) which support the rule of damages above suggested, to wit, compensation for the probable loss against which the parties by their agreement intended to provide. Another point deserves consideration. It seems that in an action by a lessee against the lessor, on a covenant for quiet enjoyment, to recover damages for an eviction, he can recover nothing for a rise in value of the use of the demised premises. (*Kinney* v. *Watts*, 14 Wend., 38; *Kelly* v. *Dutch Church of Schenectady*, 2 Hill, 105.) The cases so holding proceed upon the ground that the lessee stands upon the same footing as a purchaser who, in an action for a breach of a covenant for quiet enjoyment, is held to the price agreed upon by the parties as the true value of the land. By analogy, the rents reserved in a lease, where no other consideration is paid, are regarded as a just equivalent for the use of the demised premises; but that rule has not been very satisfactory to the courts of this country. (*Mack* v. *Patchen*, 42 N. Y., 167.) Its soundness has been questioned (Sedg. on Dam. [1st ed.], 170), and we think it is not to be extended beyond this class of cases, to wit, actions between lessee and lessor, to which it has been applied. In our opinion, the correct measure of damages in this case is the value of the unexpired portion of the plaintiff's term, less the rent reserved. (*Mack* v. *Patchin, supra.*) The appellant's counsel insists that the referee erred in admitting evidence of the worth of the use of the premises, he contending that the true mode of ascertaining the damages was to show the receipts and expenses. The evidence was properly received.

The judgment and order should be affirmed.

Mullin, P. J., and Talcott, J., concurred.

Judgment and order affirmed.