JOSEPH SELIGMAN AND ANDREW V. STOUT, RESPONDENTS, v. JAMES T. DUDLEY AND MARY DUDLEY, HIS WIFE, APPELLANTS.

*Covenant to pay and discharge incumbrance — damages on a breach thereof — Assignee of mortgage — who may interpose counter-claim to action; to foreclose.*

April 24th, 1873, the defendant Dudley executed a bond and mortgage to secure the purchase price of certain land, the deed of which to Dudley contained a clause by which the grantor (the mortgagee) covenanted to pay and discharge a prior mortgage on the same premises, for $16,000, or to cause the said premises to be released from the lien thereof on or before July 1st, 1875. The mortgage given by Dudley was assigned to the plaintiff September 1st, 1875. In this action, brought by him to foreclose it, no personal claim being made against the defendant Dudley, the latter set up a breach of the covenant as a counterclaim and defense, the 16,000 mortgage never having been paid nor the premises released from the lien thereof.

*Held,* that as against the mortgagee, Dudley was entitled to recover as damages for a breach of the covenant the full sum of $16,000, although he had never paid the mortgage or any part thereof, and had never been evicted from the premises, or sustained any actual loss whatever.

That plaintiff took the mortgage subject to Dudley's right of action against the mortgagee (plaintiff's assignor.)

That Dudley was entitled to interpose the breach of the covenant as a defense to this action.

A party to an action to foreclose a mortgage against whom either a personal judgment or one which may operate to transfer his estate in the land is sought, has a right to set up a counterclaim as a defense to the action.

*Agate* v. *King*, (17 Abb. Pr. R., 159), overruled; *Nat. Fire Ins. Co.* v. *McKay* (21 N. Y., 191), distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was brought to foreclose a purchase money mortgage. The deed given simultaneously with the mortgage contained a covenant, by which the grantors covenanted to pay and discharge a certain prior mortgage to secure the sum of $16,000, or cause the premises to be released from the lien thereof, and to save the grantees harmless therefrom, and from all interest that should accrue thereon, and from all costs, expenses, loss and damages by reason thereof, on or before the 1st day of July, 1875. The answer sets up the covenant and its breach, and asks to have the amount of the mortgage and the accrued interest deducted from the amount of any decree in this action. Up to the trial no proceedings had been taken to foreclose this $16,000 mortgage; but it still remained a lien on the premises. The facts were not disputed. The court refused the relief asked for in the answer.

*H. Kettell* for the appellants. The covenant is to pay and discharge the mortgage by a day certain. A right of action became complete on plaintiff's failure to do the particular thing he agreed to perform, and the damages are the amount of the mortgage and interest. (*Belloni* v. *Freeborn*, 63 N. Y., 383; *Wright* v. *Whiting*, 40 Barb., 235; *Farnsworth* v. *Clark*, 44 Barb., 602; *Port* v. *Jackson*, 17 Johns., 239; *Toussant* v. *Martinnant*, 2 Term Rep., 100; *Martin* v. *Court*, 2 Term Rep., 640; *Hodge* v. *Bell*, 7 Term Rep., 93; *Atkinson's Executor* v. *Coatsworth*, 8 Mod., 33; *Holmes* v. *Rhodes*, 1 Bos. and Pull., 638; *Cutter et al.* v. *Southern et al.*, 1 Saunders, 116, note 1; *Churchill* v. *Hunt*, 3 Denio, 321; *Rockfeller* v. *Donnelly*, 8 Cow. 623;

*Jarvis* v. *Sewell*, 40 Barb., 449; *McClure* v. *Erwin*, 3 Cowen, 313; *Gilbert* v. *Winan*, 1 N. Y., 553; *Thomas* v. *Allen*. 1 Hill, 145; *Mann* v. *Eckford's Executors*, 15 Wend., 502; *Ex parte* Negus, 7 Wend., 499; *Kip* v. *Brigham*, 6 John., 158; and also in 7 John., 168; *Webb* v. *Pond*, 19 Wend., 423; *Chace* v. *Hinman*, 8 Wend., 452; *Warwick* v. *Richardson*, 10 Mees. & Welsby, 284; *Wood* v. *Wade*, 2 Starkie, 167; *Challoner* v. *Walker*, 1 Bur. 574; *Sparks* v. *Martindale*, 8 East, 593; *Juliand* v. *Burgott*, 11 Johns., 477; *Rosse* v. *Pye*, Yelv., 207; 8 Watts, 157; Sedgwick on Damages, [5th Ed.] 351, old p. 313.) The plaintiffs as assignees stand upon the same footing as mortgagees. (*Greene* v. *Warwick*, 64 N. Y., 220, and cases there cited, also *Wright* v. *Whiting*, 40 Barb., 240, which was an action of a similar character brought by a receiver.) The deed and mortgage formed one entire contract, and defendant has a right to counterclaim any damages sustained in consequence of a breach of a covenant in said contract. (*Sandford* v. *Travers*, 40 N. Y., 143; *Stow* v. *Tifft*, 15 Johns., 413.)

*J. L. Re Qua*, for the respondents. A defendant, against whom no personal claim is made, cannot interpose a set off, or other defense. (*Agate* v. *King*, 17 Abbotts Pr. 159, 162; *Nat'l Fire Ins. Co.*, v. *McKay*, 21 N. Y., 191; *Vassear* v. *Livingston*, 13 N. Y., 248.)

GILBERT, J.:

The bond and mortgage in this case bear date April 24th, 1873, and they were given by the defendant James T. Dudley to the Tarrytown Heights Land Company, to secure the purchase money of the mortgaged premises. The conveyance from said company contained a covenant, whereby said company covenanted to pay and discharge a prior mortgage on said premises for $16,000, or cause said premises to be released from the lien thereof, on or before the first day of July, 1875. That covenant has not been performed. The prior mortgage for $16,000 has not been paid or discharged, nor have the mortgaged premises been released from the lien thereof.

The plaintiffs are assignees of the mortgage in suit. This action

is for the foreclosure thereof only, no personal claim against Dudley being made; and the breach of the covenant aforesaid is set up as a defense by way of counterclaim. The assignment to the plaintiffs was made on or about September 1st, 1875. The court below upon these facts rendered the usual judgment for the foreclosure of the mortgage in suit, and a sale of the mortgaged premises, and the payment to the plaintiffs out of the proceeds of sale of the whole amount of said mortgage.

There is no principle, that I am aware of, on which this judgment can be sustained. At the time of the assignment of the bond and mortgage in suit, the mortgagor James T. Dudley had an immediate right of action against the assignor of the plaintiff, for the breach of the covenant of said assignor before mentioned. Dudley was entitled to recover as damages, for such breach of covenant, the full sum of $16,000, notwithstanding he had not paid the prior mortgage nor any part thereof, and had not been evicted from the mortgaged premises, nor sustained any actual loss whatever in consequence of the breach of said covenant. That principle has been completely established in this State. (*Juliand* v. *Burgott*, 11 Johns., 477; *Port* v. *Jackson*, 17 Johns., 239; *S. C. in error*, id., 479; *ex parte Negus*, 7 Wend., 499; *Thomas* v. *Allen*, 1 Hill, 145; *Gilbert* v. *Wiman*, 1 N. Y., 550, 562; *Rector, etc.*, v. *Higgins*, 48 id., 532; *Belloni* v. *Freeborn*, 63 id., 383.) The reason of the rule is that Dudley was entitled to have this estate unincumbered by the prior mortgage after July 1st, 1875. How could that be enforced unless he could recover the whole amount on the covenant? (*Lethbridge* v. *Mytton*, 2 Barn. & Adolph., 772.)

The plaintiffs took the assignment of Dudley's mortgage subject to his right of action against the plaintiffs' assignor. (*Crane* v. *Turner*, 67 N. Y., 437, and cases cited.) Such right of action constituted a valid set off or counterclaim against the plaintiffs. (Code of Proc., § 112; Code of Civ. Proc., §§ 501–502; *Bathgate* v. *Haskin*, 59 N. Y., 533; *Hunt* v. *Chapman*, 51 id., 555.)

The result is that the plaintiffs are bound to allow to Dudley that set off or counterclaim (*Lathrop* v. *Godfrey*, 3 Hun, 739), and they must seek their remedy for the loss so occasioned against

their assignor.  What that remedy may be it is not necessary now to consider.

We think the case of *Nat. Fire Ins. Co.* v. *McKay* (21 N. Y., 191), does not benefit the plaintiffs.  In that case the defendant, who set up the counterclaim, insisted as a defense that he had been evicted under a paramount title, whereby he had been divested of his interest in the mortgaged premises.  No personal claim was made against him.  The court merely decided that a defendant, in a suit to foreclose a mortgage, against whom no personal claim is made, and who has no interest in the land to be affected by the judgment demanded, cannot set up a counterclaim.  They recognized his right to do so, however, in a case like this.  Although the plaintiffs have waived their claim against Dudley, his land will be bound by the judgment, and a sale thereunder will divest him of his title thereto and transfer it to the purchaser.  It does not appear whether the land is worth more or less than the amount of the judgment.  If it is worth more, the effect upon him of enforcing the judgment against the land will be as injurious as the enforcing of a personal judgment against him would be; and if it is worth less, he will sustain a proportionate loss.

We are of opinion that a party to an action to foreclose a mortgage, against whom either a personal judgment or one which may operate to transfer his estate in the land is sought, has a right to set up a counterclaim as a defense to the action, and that the case of *Agate* v. *King* (17 Abb. Pr. R., 159), so far as it asserts a contrary principle, ought not to be approved.  (*Lathrop* v. *Godfrey*, 3 Hun, 739.)

It follows that the judgment must be reversed and a new trial granted, with costs to abide the event.

Barnard, P. J., concurred; Dykman, J., not sitting.

Judgment reversed and new trial granted; costs to abide event.