THE CONTINENTAL INSURANCE COMPANY OF THE CITY OF
NEW YORK, PLAINTIFF IN ERROR, v. N. LIPPOLD,
DEFENDANT IN ERROR.

Insurance : NOTICE OF LOSS. A condition in a policy of insurance requir-
ing the insured, in case of fire, to give immediate notice of his loss, need
not be literally complied with. The exercise of due diligence, and the
giving such notice as may be reasonable in the particular case, is all that
can be demanded.

————— : —————. The clause in a policy of insurance relating to preliminary
proofs, notice, etc., should always be construed with great liberality.

ERROR to the District Court of Richardson county.
The opinion states the facts of the case. Plaintiff in the
court below, Lippold, had judgment and defendant brought
the cause here by petition in error.

*J. H. Broady and E. W. Thomas*, for plaintiff in
error.

It is not disputed that the building was burned April
13th or 15th, 1871. This is stated in the petition, the
answer, the testimony of Lippold, and in his letter of
July 15th, 1871, to Taylor the Superintendent of the
Ins. Co. at Chicago. It is clear from the evidence, that
the first and only notice of the fire given to the company
was contained in the said letter to Taylor.

The policy required that "immediate written notice of
the loss should be given to the company in New York,
or at the office of the Western Department in Chicago."
The bill of exceptions shows that the proper notice was
not given, and no excuse is shown for the failure to give
the same.

The giving of the notice in the manner, and within the
time required by the policy, is a condition precedent
without which no recovery can be had. *Gies v. Bechtner*,
12 *Minn.*, 279. *Inland Ins. and Dep. Co. v. Stauffer*,

33 *Penn. St.*, 397. *Davis v. Davis*, 49 *Me.*, 282. *Cornell v. Millwaukee Mut. Ins. Co*, 18 *Wis.*, 387.

The notice in this case was not given within the time required by the policy. The giving thereof three months after the fire, was neither a literal nor a substantial compliance with the condition of the policy. *Inman v. West. Fire Ins. Co.*, 12 *Wend.* 452. *McEvers v. Lawrence*, 1 *Hoff. Ch.*, 171. *Mellen v. Hamilton Ins. Co.* 17 *N. Y.*, 617. *Trask v. State Fire and Mar. Ins. Co.*, 29 *Penn. St.*, 198. *Whitehurst v. N. C. Mut. Ins. Co.*, 7 *Jones Law N. C.*, 433.

The giving of the notice to Walther, the local agent at Arago, cannot be deemed a compliance with the conditions of the policy. *Cornell v. Milwaukee Mut. Ins. Co.*, 18 *Wis.*, 387. *Patrick v. Ins. Co.*, 43 *N. H.*, 621.

If it should be contended that the assured had a right to depend on Walther's giving the notice, we say if he employed or requested Walther to notify the company, Walther was *pro hoc vice* the agent of the assured, and not of the insurance company, and it was incumbent upon the assured to prove that his said agent did give the notice within the required time. Not only has nothing like this been proved, but Walther himself testifies that he did not give such notice. Under the pleadings the burden of proving that notice was given lies upon the assured.

There is nothing in the evidence tending to show that the insurance company waived its objections to the fact that the notice was not given in time. If there is any such waiver, it must be in Taylor's letter to Lippold, dated August 16th. But this letter cannot be construed as a waiver. *Cornell v. Milwaukee Ins. Co.*, 18 *Wis.* 387. *Edwards v. Baltimore Ins. Co.*, 3 *Gill.*, 176. *St. Louis Ins. Co. v. Kyle*, 11 *Mo.*, 278. *Trask v. State Fire and Mar. Ins. Co.*, 29 *Penn. St.*, 198. *Bartlett*

*v. Union Mut. Ins. Co.*, 46 *Me.*, 500. *Barnes v. Union Mut. Ins. Co.*, 45 *N. H.*, 21.

The court erred in refusing to grant a peremptory non-suit on the trial. The courts of this state, in a proper case, have the power to take the evidence given by the plaintiff from the jury, and order a peremptory non-suit. *Ellis & Morton v. Oh. L. Ins. Co.*, 4 *Oh. St.*, 628 *and authorities there cited. Allen v. Pegram*, 16 *Iowa* 174.

*A. Schoenheit and J. D. Gilman*, for defendant in error.

I. The company is estopped from requiring of the insured technical proof of the loss, etc., when its agent, when called upon by the insured, does anything which leads the insured to believe that such proof, etc., is unnecessary, or lulls the assured into a belief that such proofs are not required. *Manhattan Insurance Company v. Stein & Zang*, 5 *Bush.*, 652. *Ætna Insurance Co. v. Jackson & Co.*, 16 *B. Mon.*, 242.

II. When the company declines to receive the proof of loss or to pay the loss because of insufficiency or informality of proofs, or because made out of time, it is bound to declare to the assured the grounds of such refusal, as then known or believed to exist by its officers or agents, otherwise the objection will be waived. *O'Conner v. Hartford Fire Insurance Co.*, 31 *Wis.*, 160. *Killips v. Putnam Fire Insurance Co.*, 28 *Wis.*, 472. *Tayloe v. Merchants Fire Insurance Co.*, 9 *How.*, 390. *Columbia Insurance Co. v. Lawrence*, 10 *Peters*, 507. *Clark v. New England Mutual Ins. Co.*, 6 *Cush.*, 342. *Vos v. Robinson*, 9 *Johns*, 192.

MAXWELL, J.

On the 11th day of May, 1870, the plaintiff in error insured a dwelling house for defendant in error, situated in the town of Arago, for the sum of $350.00, the policy to continue in force until the 11th day of May, 1875. The policy contained a provision that in case of loss, defendant in error should immediately notify the general agent at Chicago. The insurance was effected through a local agent residing in the town of Arago. On the 16th day of April, 1871, the house was destroyed by fire. A few days after the fire, defendant in error requested the local agent at Arago to notify the company of the loss. The local agent stated that he had seen the general agent, and had a conversation with him in reference to the loss. About the 15th day of July, 1871, defendant in error employed one Gus. Doerfelt to write a letter for him to the general agent of the company, stating the loss of the property. On the 16th day of August, 1871, the general agent addressed a letter to defendant in error, stating that there were suspicious circumstances connected with the fire which ought to be explained. On the 1st day of January, 1872, the defendant in error made formal proof of loss, and transmitted the same to the general agent at Chicago. Suit was instituted against the company, in the district court of Richardson county, on the 22d day of January, 1872. The cause was tried by a jury, and the defendant in error recovered the sum of $253.78.

The only errors assigned are: *First*. That the court erred in overruling the motion for a non-suit. *Second*. That the court erred in overruling the motion to set aside the verdict. The only objection urged by the plaintiff in error, in this court, as ground for reversing the judgment of the court below, is that no notice of the loss was given, in the time required by the terms of the

policy. No action can be maintained on the policy until the *proof* of loss is made, or waived by some act of the insurer. Yet it is a sufficient compliance with the condition of a policy, requiring notice of loss to be given "forthwith" or "immediately," that the party has used due diligence under all the circumstances. *New York Insurance Co. v. National Insurance Co.*, 20 *Barb.*, 475. *Bumstead v. The Dividend Insurance Co.*, 12 *New York*, 81.

In the case of the *Columbian Ins. Company v. Lawrence*, 2 *Peters*, 50, a certificate accompanied the proof of loss not in conformity to the conditions of the policy. The case was reversed in the supreme court and remanded to the circuit court and afterwards dismissed by plaintiff without prejudice. A new certificate was procured from a magistrate in compliance with the rules of the company, on the 14th day of February, 1829, five years after the loss, and an action was commenced thereon in September, 1831. The condition of the policy required "all persons assured by the company, sustaining any loss or damage by fire forthwith to give notice to the company, or as soon thereafter as possible to deliver in as particular an account of their loss or damage, signed with their own hands, as the nature of the case will admit of, and make proof of the same by their own oath and affirmation, and by their books of account, or proper vouchers, as shall be reasonably required; and shall procure a certificate under the hand of a magistrate, or sworn notary of the town or county in which the fire happened, not concerned in such loss, directly or indirectly, importing that they are acquainted with the character and circumstances of the person or persons insured; and do know or verily believe that he, she or they, really and by misfortune, without any kind of fraud or evil practice, have sustained by such fire, loss or damage to the amount therein mentioned; and until such affidavit and certificate are produced

the loss claimed shall not be payable." The court, says Story, J., 10 *Peters*, 513, " We think the true intent and meaning of it is, that the certificate must be procured within a reasonable time after the loss. It would be a most inconvenient course to adopt a different construction, not required by the terms of the clause or the context, as it would make the material inquiry not the production of the certificate, but the possible diligence of procuring it. *   *   *   So that it is manifest, that the assured would not be entitled to maintain any action, until he had furnished all the preliminary proofs; so that the delay is not injurious to the company, but solely to the assured, by depriving him of his right to judgment until it is procured. *   *   *   We are of opinion, that under all the facts and circumstances, the non-production of the proper certificate at an earlier period is fully accounted for; and that the proper certificate was procured in a reasonable time. *   *   *   If the company had contemplated the objection, it would have been ordinary fair dealing to have apprised the plaintiff of it." *West-lake v. Saint Lawrence Ins. Co.*, 14 *Barb.*, 206. *Clark v. New. Eng. Ins. Co.*, 6 *Cush*, 342. *Francis ·v. Ins. Co.*, 1 *Dutcher*, 78. *Bartlett v. Union Mutual Ins. Co.*, 46 *Me.*, 500.

The clause in a policy as to preliminary proofs, notice, etc., should always be construed with great liberality; and it only requires reasonable information to be given so that the company may be enabled to form some estimate of its rights and duties before it is obliged to pay. *McLaughlin v. Wash. Co. Ins. Co.*, 23 *Wend.*, 525. *Lawrence v. Ocean Ins. Co.*, 11 *John.*, 240. *Smith's Mercantile Law*, 516, *note* 10.

In this case, no objection is made to the form of the proof of loss furnished in July, 1871, nor is the refusal to adjust the loss put on the ground that it is not in proper form. If objection is made by the company to the form

of the proof of loss, it is its duty to notify the party of the alleged defect, and failing to do so, it will be deemed waived. A contract of insurance, like other contracts, should receive, if possible, such construction as will carry it into effect. The insurer having received the consideration for assuming the risk, there is no reason why he should be discharged from liability in case of loss, on slight or merely technical grounds. In this case it was a proper question to the jury, whether the plaintiff in the court below had used due diligence in furnishing the preliminary proofs of loss. The motion for a non-suit was therefore properly overruled; and the question having been fairly submitted to the jury, who found in favor of the defendant in error, we see no error in the record. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

CHIEF JUSTICE LAKE concurred.