SHAKEY v. THE HAWKEYE INSURANCE Co.

1. **Insurance:** FAILURE TO PAY PREMIUM: CONTRACT. It is competent for an insurance company to provide in its policies that, if the premium note be not paid within sixty days after maturity and suit be commenced for its collection, the policy shall be considered canceled, and this provision constitutes a contract between the company and the insured, which is not waived nor rescinded by the commencement of the suit.

*Appeal from Webster Circuit Court.*

MONDAY, OCTOBER 23.

ACTION upon a fire insurance policy for the loss of a dwelling-house. There was trial by jury, verdict and judgment for plaintiff, and defendant appeals.

*Phillips, Goode & Phillips*, for appellant.

*Duncombe, O'Connell & Springer*, for appellee.

ROTHROCK, J.—At the time the insurance was effected, which was on the 22nd day of July, 1872, the plaintiff gave a note for one-half of the premium, which became due on the first day of November following. The note was not paid at maturity. Suit was commenced thereon, and an original notice served on plaintiff herein on the 9th day of June, 1873. Judgment was obtained on the note in September, 1873, and collection was made upon execution, in January, 1874. The loss by fire occurred in June, 1874.

The policy upon which suit is brought contains stipulations

substantially as follows: That no insurance shall be binding

**1. INSURANCE: failure to pay premium: contract.**
until the actual payment of the premium, either in cash or by note; and when a note has been received in whole or in part for the premium, and the insured fails to pay the same at maturity, such failure shall immediately terminate all liability of the company under the policy. If such note be paid after maturity and before suit is brought to collect the same, then the policy shall come in force again at the date of such payment, but there shall be no liability for any loss or damage that may occur while the note is overdue and unpaid. If the note is not voluntarily paid in sixty days after maturity it shall bear interest at ten per cent, and the commencement of a suit upon such note after the expiration of sixty days shall be an absolute cancellation of the policy so far as any liability of the company is concerned, and the whole amount of the premium and note shall be then earned, due and payable, and the commencement of such suit on the note shall be notice to the assured of that fact, and the collection of such note by legal proceedings shall not in any case revive or bring into force such policy, or any liability of the company thereunder.

The foregoing is a fair statement of the substance of the stipulations of the policy in relation to notes given for premiums. The petition is in the ordinary form of declaration for loss by fire.

The answer, as one of the defenses, sets up the foregoing stipulations, and the reply avers that plaintiff could not read or write and never saw the printed conditions, and is not bound thereby. Without determining the materiality of the allegations of the reply, it is sufficient to say that there is no evidence tending to sustain them.

The court instructed the jury on this branch of the case as follows: " The fact that the premium note remained unpaid, in violation of the condition of the policy, would not of itself vitiate or terminate the life of the policy. The defendant might, for that reason, have elected to terminate the policy, and have given the plaintiff notice of such election, but if it did not do so, but collected the note without having so elected

and notified the plaintiff, it cannot now defeat a recovery upon that defense."

In our opinion this instruction was erroneous. It directly ignores the contract of the parties. By the very terms of the policy itself, it was canceled upon failure to pay in sixty days and before the commencement of the suit for the collection of the premium note. Plaintiff was entitled to no further notice of cancellation, and his agreement was that the whole premium should be held to be earned by the defendant if the note be not paid in sixty days after its maturity.

There is nothing in the pleadings or evidence showing why this contract is not valid. The defendant relies upon the payment of premiums as the means to pay losses and enable it to do business, and we know of no reason why the contract should not be enforced. These premiums are usually small in amount; in the present case it was $12.50, and the cost of collection by suit in many instances equals the amount collected. We believe it to be competent for the parties to contract that in case legal proceedings must be resorted to for collection, the whole amount shall be considered as earned and the policy canceled.

The collection of the premium note did not waive the forfeiture, for by the very terms of the policy it is provided that this shall not be a waiver. See *Shultz v. Hawkeye Ins. Co.*, 24 Iowa, 239.

As the foregoing views are decisive of the merits of the case it is unnecessary to examine the other errors assigned.

REVERSED.