ZINCK ET AL. v. PHŒNIX INS. CO.

1. **Insurance:** WARRANTY AGAINST OTHER INSURANCE: EVIDENCE. Where a policy of insurance provided that any other insurance, valid or invalid, would render the policy void, unless the company consented thereto by indorsement on the policy, and such provision amounted to a warranty, *held,* in an action on the policy, in which other insurance was pleaded as a defense, that evidence was not admissible on the part of the plaintiff to show that he *thought* there was no other insurance.

2. **Pleading:** REPLY: EVIDENCE. Where some matter is alleged in the answer, to which the plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer, a reply so alleging must be filed, before evidence of such fact can be admitted.

*Appeal from Chickasaw Circuit Court.*

WEDNESDAY, DECEMBER 13.

ACTION on a policy of insurance against loss or damage by fire. The policy contained a provision, which was made a warranty, that any other insurance, whether valid or invalid, would render the policy void, unless the consent of the company thereto was indorsed on the policy in writing. This was pleaded by defendant as a defense. There was no reply. Trial by jury, and judgment for the plaintiffs, and defendants appeal.

*Gurney & Boylan* and *William Phillips,* for appellants.

No appearance for appellees.

SEEVERS, CH. J.—The plaintiffs offered evidence tending to show that the agent, by whom the insurance was effected, had notice that the property had been insured in the Cedar Rapids Insurance Company, and that the same was regarded by the plaintiffs as being invalid or void, because of the non-compliance, on their part, with certain conditions upon which the validity of the insurance depended.

1. INSURANCE: other insurance: good faith of the insured: evidence.

Zinck v. Phœnix Ins. Co.

It is clear, we think, from the evidence offered and afterward introduced, that it was a debatable question whether, at the time the policy in this case was written, there was any other insurance on the property. The defendant objected to the evidence, when offered, on the ground that there was no such issue, but the objection was overruled, and the evidence admitted, for the purpose "of reaching the question as to whether or not, at the time, the plaintiff thought he had an insurance in any other company, and for no other purpose." As the condition pleaded by the defendant was made a warranty, we think it was immaterial what the plaintiff thought. In no event was the defendant bound, nor could it be affected, under the issue, by what the plaintiff thought in regard to the property being insured in any other company. If there was other insurance, it was immaterial what the plaintiff's belief may have been. If there was not, it was immaterial if he thought there was other insurance.

Beside this, the evidence was immaterial, unless it amounted to a waiver of the conditions of the policy. That is to say, 2. PLEADING: the defense pleaded avoided the policy, unless reply: evidence. such defense was waived. The Code provides: "Where some matter is alleged, in the answer to which the plaintiff claims to have a defense, by reason of the existence of some fact which avoids the matter alleged in the answer," a reply so alleging must be filed. Code, § 2665.

To our minds it is clear that, under the foregoing statute, the evidence tending to show a waiver of the conditions of the policy was not admissible in the absence of a reply.

REVERSED.