PHENIX INS. CO. V. S. B. BACHELDER.

[FILED JULY 1, 1891.]

1. **Fire Insurance**: NON-PAYMENT OF PREMIUMS: FORFEITURE. The policy of fire insurance contained a clause to the effect that if the assured fail to pay his premium note at the time specified, then the policy should cease to be in force and remain null and void during the time the note remains unpaid after maturity, and that the payment of the premium revives the policy, and makes it good for the balance of the term. The premium note matured before the loss complained of, and had never been fully paid. *Held*, That the company was not liable.

2. ——: ——: WAIVER. Such stipulation in the policy can be waived by the company, but such waiver must be pleaded and proved to avail the insured.

3. —— PROOF OF LOSS: WAIVER. The absolute denial by the insurer of all liability, on the ground that the policy was not in force at the time of the loss, is a waiver of the preliminary proofs of loss required by the policy.

ERROR to the district court for Sarpy county. Tried below before CLARKSON, J.

*Fawcett & Sturdevant*, and *John P. Davis*, for plaintiff in error, cited, as to the forfeiture clause: *Gorton v. Ins. Co.*, 39 Wis., 121; *Shakey v. Ins. Co.*, 44 Ia., 540, and cases; *Am. Ins. Co. v. Story*, 8 Ins. Law Jour. [Mich.], 691 and cases; *Garlick v. Ins. Co.*, 44 Ia., 553; *Blackerby v. Ins. Co.*, 15 Ins. Law Jour. [Ky.], 556; *Wall v. Ins. Co.*, 36 N. Y., 157; *Williams v. Ins. Co.*, 19 Mich., 451; *Muhleman v. Ins. Co.*, 6 W. Va., 508; *Watrous v. Ins. Co.*, 35 Ia., 582; *Am. Ins. Co. v. Leonard*, 80 Ind., 272; *McIntyre v. Ins. Co.*, 13 Ins. Law Jour., 216; *Thompson v. Ins. Co.*, 104 U. S., 252; *Willcuts v. Ins. Co.*, 81 Ind., 300; *Klein v. Ins. Co.*, 104 U. S., 88; *Knickerbocker Life Ins. Co. v. Pendleton*, 112 Id., 696; *Beadle v. Ins. Co.*, 3 Hill [N. Y.], 161; *Wheeler v. Ins. Co.*, 82 N. Y., 543; *Holly v. Ins. Co.*, 105 Id., 437; *Wall v. Ins. Co.*, 36 Id., 157; *American Ins. Co. v. Leonard*, 180 Ind., 272; *Shrimp v. Ins. Co.*, 17 Ins. Law Jour., 703; *N. W. Mut. L. Ins. Co. v. Amerman*, 119 Ill., 329; *Bush v. Ins. Co.*, 2 Th. & C. [N. Y.], 629; *Morse v. Ins. Co.*, 5 Id., 409; *Critchett v. Ins. Co.*, 9 Id., 594; *Armstrong v. Ins. Co.*, 12 Id., 675; *Wilson v. Ins. Co.*, 4 R. I., 141; *Mitchell v. Ins. Co.*, 51 Pa. St., 402; *Vose v. Ins. Co.*, 6 Cush. [Mass.], 42; *Chase v. Ins. Co.*, 22 Barb. [N. Y.], 527; *Bartholomew v. Ins Co.*, 25 Ia., 507; *Healey v. Ins. Co.*, 5 Nev., 268; *Winnesheik Ins. Co. v. Holzgrafe*, 53 Ill., 516; *Dickinson v. Ins. Co.*, 41 Ia., 286; *Stockton v. Ins. Co.*, 33 La. Ann., 577; *Todd v. Ins. Co.*, 34 Id., 63; *L. L. & G. Ins. Co. v. Van Os*, 63 Miss., 431; *Hambleton v. Ins. Co.*, 6 Bissell [U. S.], 91; *Hollis v. Ins. Co.*, 65 Ia., 454. As to proof of loss and alleged waiver thereof: *German Ins. Co. v. Heiduk*, 30 Neb., 288; *Mehurin v. Stone*, 37 O. St., 58; *Palmer v. Sawyer*, 114 Mass., 13; 2 Chitty, Pl. [7th Ed.], 459; *Nichols v. Larkin*, 79 Mo., 264; *Lanitz v. King*, 6 S. W. Rep. [Mo.], 263; *Welsh v. Ins. Co.*, 413; *Sch. Dist. v. Shoemaker*, 5 Neb., 37; *B. & M. R. Co. v. Harris*, 8 Id., 142; *Wilson v. Butler*, 33 Eng. Com.

Law, 956; *P., W. & B. R. Co. v. Howard*, 13 How. [U. S.], 307; *Owen v. Ins. Co.*, 57 Barb. [N. Y.], 521; Wood, Ins., sec. 411; May, Ins., 465; *Planters Ins. Co. v. Deford*, 38 Md., 400; *Troy F. Ins. Co. v. Carpenter*, 4 Wis., 25; *Harmony v. Brigham*, 2 Kern. [N. Y.], 99; *Beatty v. Ins. Co.*, 66 Pa. St., 9; *Smith v. Ins. Co.*, 1 Allen [Mass.], 297; *Connell v. Ins. Co.*, 18 Wis., 387; *Knickerbocker Ins. Co. v. Gould*, 80 Ill., 388; *Brink v. Ins. Co.*, 6 Ins. L. Jour., 707 [S. C., 70 N. Y., 593]; *Underwood v. Ins. Co.*, 57 N. Y., 500; *Bumstead v. Ins. Co.*, 12 N. Y., 81; *Worsley v. Wood*, 6 T. R. [D. & E.'s], 710.

*A. U. Hancock, contra*, cited: Wood, Ins. [2d Ed.], 75–6; *Carson v. Ins. Co.*, 62 Ia., 433.

NORVAL, J.

This is an action on a policy of fire insurance. There was a trial to a jury, which resulted in a verdict for the plaintiff. The defendant brings the case into this court by petition in error.

We are asked to reverse the case upon two grounds:

First—The failure of the defendant in error to pay his past due premium note.

Second—Failure of the insured to furnish the preliminary proofs of loss according to the terms and conditions of the policy. We will briefly examine the points in the order named.

The policy provides that "In case the assured fails to pay the premium note, or order, at the time specified, then this policy shall cease to be in force, and remain null and and void during the time said note or order remains unpaid after its maturity, and no legal action on the part of this company to enforce payment shall be construed as reviving the policy. The payment of the premium, however, revives the policy, and makes it good for the balance of its term."

The consideration for issuing of the policy was $10 cash, and the payment at maturity, the assured promissory note for $22. The note was payable on the 1st day of August, 1889. No part of the $22 was paid when due, and a balance of $7 remained unpaid at the time of the fire. The defendant in error held two policies from this company, one for $100, and the other for $1,000 on buildings, which were detached when the policies were issued, but the buildings were subsequently joined together. A new policy, the one in suit, was issued covering the building thus formed. Evidence was introduced tending to show that one Weymouth, a soliciting agent of the company, agreed to cancel the old policies and apply the unearned premiums on the new. It is claimed by the plaintiff in error that the agent had no power to make any such agreement. Conceding, as is claimed by the insured, that the company is bound thereby, and that the unearned premiums on the old policies should be credited upon the note, there would remain unpaid a small balance, and he would still be in default at the time of the fire.

It is obvious that the failure to pay the premium note, at maturity, suspended the policy until payment was made. It could have been revived, for the balance of the term, by making full payment at any time before the loss. This, as we have seen, he failed to do. True, after maturity of the note, he paid $15 thereon, but this did not give him the right to avail himself of the benefits of the contract of insurance. Nothing short of full payment, or a waiver of the stipulation in the policy, could have the effect to remove the suspension caused by the failure to pay the note. The clause referred to is not unreasonable. It is but fair and just that while the insured is in default of the payment of his note, the company should not be liable for loss, when the parties have so agreed. We have no right to make a new contract for them, or refuse to enforce the one they have made. To hold that the policy was in force, at the

time of the fire, would be to set aside and disregard the plain stipulation of the parties. (*Gorton v. Ins. Co.,* 39 Wis., 121; *Shakey v. Hawkeye Ins. Co.,* 44 Ia., 540; *Garlick v. Ins. Co.,* Id., 553; *Wall v. Home Ins. Co.,* 36 N. Y., 157; *Williams, etc., v. Albany City Ins. Co.,* 19 Mich., 457; *Curtin v. Phenix Ins. Co.,* 21 Pac. Rep. [Cal.], 370.)

There was some evidence offered for the purpose of showing that the company waived the terms of the policy in regard to the payment of the premium note, but such evidence, under the pleadings as framed, could not avail the defendant in error. The issue was squarely presented by the pleadings whether or not the note was paid. We doubt not that the stipulation in the policy can be waived, but when such waiver is relied upon, it must be plead. (*Zinck v. Phenix Ins. Co.,* 60 Ia., 266; *Welsh v. Des Moines Ins. Co.,* 32 N. W. Rep. [Ia.], 369; *Mehurin v. Stone,* 37 O. St., 58; *Palmer v. Sawyer,* 114 Mass., 13; *Nichols, Shepherd & Co. v. Larkin,* 79 Mo., 264.)

The policy provides that loss will be paid "upon receipt of proper proofs at its Chicago office." It also provides that "in case of loss or damage, the assured shall forthwith give notice of said loss in writing to the company." The evidence shows that the insured, immediately after the fire, notified, in writing, the company of the loss, but it does not appear that he ever furnished the preliminary proofs of loss. The existence of a loss has not at any time been denied by the company. In fact it is admitted by the answer, under which the case was tried, that the house was totally destroyed. The company has at all times insisted, and now insists, that it was not liable for the loss, on the ground that the policy was not then in force, by reason of the failure of the insured to pay his premium note. The plaintiff in error by denying all liability, dispensed with the necessity of furnishing proofs of loss. (*Carson v. German Ins. Co.,* 62 Ia., 433; *Kansas Protective Union v. Whitt,* 36 Kan., 760; *King v. Hekla Ins. Co.,* 58 Wis.,

508; *Taylor v. Ins. Co.*, 9 How. [U. S.], 390; *Continental Ins. Co. v. Lippold*, 3 Neb., 391.)

The judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.