| 44 | 745 |
| 46 | 783 |

PHENIX INSURANCE COMPANY OF BROOKLYN, NEW YORK, v. JOHN A. ROLLINS.

FILED APRIL 16, 1895.   No. 5964.

1. **Insurance**: PREMIUM NOTES: DEFAULT: SUSPENSION OF POLICY: WAIVER. A clause providing that an insurance policy shall be suspended during the time the premium note shall remain unpaid after maturity is for the benefit of the company, and may be waived by the insurer.

2. ———: ———: ———: ———: ———. A fire insurance policy for the term of five years at a gross premium for the entire time, the insured giving his note for such premium, due in one year from date, contained a stipulation to the effect that the failure by the insured to pay the premium note when due suspended the policy during such default, but that a subsequent payment of the premium in full revived the policy for the remainder of the term. The defendant made default in the payment of such note, and in an action thereon it was *held* that the company was entitled to recover the full amount of the note.

ERROR from the district court of Lancaster county. Tried below before TUTTLE, J.

·The facts are stated in the opinion.

*A. G. Greenlee*, for plaintiff in error:

The provision for suspending the policy in case of default in payment of the premium note is not unreasonable. (*Phenix Ins. Co. v. Bachelder*, 32 Neb., 490; *St. Paul Fire & Marine Ins. Co. v. Coleman*, 43 N. W. Rep. [Dak.], 693; *Williams v. Albany City Ins. Co.*, 19 Mich., 465.)

The judgment of the court below is in violation of the principle that parties have the right to make their own contract, and that where one party does all he agreed to do, and gives all that he agreed to give, he has a right to enforce the contract against the other party. (*Fleetwood v. Dorsey Machine Co.*, 95 Ind., 491; *St. Paul Fire & Marine Ins.*

*Co. v. Coleman,* 43 N. W. Rep. [Dak.], 693; *Williams
v. Albany City Ins. Co.,* 19 Mich., 451; *Minnesota Farmers
Mutual Fire Ins. Association v. Oleson,* 44 N. W. Rep.
[Minn.], 672.)

The plaintiff is entitled to recover the full amount of
the note. (*American Ins. Co. v. Klink,* 65 Mo., 78; *Phœnix
Ins. Co., v. Lansing,* 15 Neb., 494; *American Ins. Co. v.
Henley,* 60 Ind., 515; *Shimp v. Cedar Rapids Ins. Co.,* 16
N. E. Rep., [Ill.], 229; *Robinson v. German Ins Co.,* 11
S. W. Rep. [Ark.], 686; *Williams v. Albany City Ins Co.,*
19 Mich., 451; *Blackerby v. Continental Ins. Co.,* 15 Ins.
L. J. [Ky.], 756.)

*Davis & Hibner, contra:*

The insurance company can only recover the amount of
premium actually earned. (*Yost v. American Ins. Co.,* 39
Mich., 531; *Mathews v. American Ins. Co.,* 40 O. St.,
135; *American Ins. Co. v. Stoy,* 41 Mich., 385.)

NORVAL, C. J.

This suit is on a promissory note for the sum of $40,
bearing date July 10, 1887, due in one year, made by the
defendant in payment of the premium upon a policy of fire
insurance issued to him by the plaintiff.  Upon the trial
the court rendered judgment against the defendant for the
sum of $19.28.  To review this judgment is the object of this
proceeding.  The only contention here is that the verdict
is contrary to the law and the evidence.  The cause was
tried and decided in the court below upon the following
stipulation of facts:

" It is admitted that the defendant executed the note
hereto attached, and that the consideration for said note
was the execution and delivery to the defendant by plaint-
iff of a policy of insurance, a copy of which is hereto at-
tached, and marked 'Exhibit B;' that the defendant duly
received said policy, and has at all times since said day re-

tained possession of the same; never offered to surrender it to the plaintiff, or to any one for it, nor has it ever been demanded from the defendant by the plaintiff; that the defendant, at the time of the execution and delivery of the said note and the receipt of the said policy, was fully advised as to the provisions and conditions of the said papers.

"It is further stipulated that the usual, customary, and reasonable price of the insurance mentioned in the policy, if taken for one year only, would be $13.33, but that in the consideration of the defendant taking·the policy for five years the plaintiff agreed to insure said defendant for five years for the amount of three years' premium if taken for a single year.

"It is further stipulated that the plaintiff duly issued the said policy and delivered the same to the defendant; has never canceled the same, but at all times since the said note became due has endeavored to collect the same, and that if the defendant has not had insurance for the full term of five years, as stated in said policy, it is wholly due to the fact of the failure of the defendant to pay the said note, taken in connection with the conditions in said note and policy."

The note, which is the foundation of the suit, contained this clause: "If this note is not paid at maturity, said policy shall then cease and determine, and be null and void, and so remain until the same shall be fully paid and received by said company."

The following condition appears upon the face of the policy of insurance: "In case the assured fails to pay the premium note or order at the time specified, then this policy shall cease to be in force, and remain null and void during the time said note or order, or any part thereof, remains unpaid after its maturity; and no legal action on the part of this company to enforce payment shall be considered as reviving the policy; the payment of the premium in full, however, revives the policy and makes it good for the balance of its term."

If we correctly understand the argument of counsel 'for defendant it amounts to this: That by virtue of the foregoing provision contained in the policy and the stipulation in the note, the insurance terminated upon default being made in the payment of the premium note, and the insurance having ceased in favor of the plaintiff at the maturity of the note, the premium likewise ceased to accrue against the defendant. This is, doubtless, the view adopted by the trial court. If this is the proper construction to be placed upon the clauses quoted above, when read in the light of the facts in the case, the decision is right, otherwise the judgment must be reversed. By the terms of the contract the policy was voidable upon the defendant making default, but voidable merely at the option of the company. The condition declared the insurance suspended during default of payment of the premium note. The provision was inserted in the policy for the sole benefit of the insurer and not the insured, and is valid and binding. This stipulation could be waived by the company. This was decided in *Phenix Ins. Co. v. Bachelder*, 32 Neb., 490, and the same doctrine is held by other courts. (*Zinck v. Phœnix Ins. Co.*, 60 Ia., 266; *Mehurin v. Stone*, 37 O. St., 58; *Palmer v. Sawyer*, 114 Mass., 13.) It appears that this defendant has retained the policy and never offered to surrender it, and that plaintiff has at all times since the maturity of the note endeavored to enforce the collection of the note, and brought this action for that purpose. As to what acts have been construed as a waiver of conditions in a policy similar to the one in this case, see *Johnson v. Southern Mutual Life Ins. Co.*, 79 Ky., 403; *East Texas Fire Ins. Co. v. Perkey*, 24 S. W. Rep. [Tex.], 1080; *Brady v. Prudential Ins. Co.*, 29 N. Y. Sup., 44; *Western Horse & Cattle Ins. Co. v. Scheidle*, 18 Neb., 495; *Nebraska & Iowa Ins. Co. v. Christiensen*, 29 Neb., 572; *Phenix Ins. Co. v. Dungan*, 37 Neb., 469. In the last case the stipulations in the premium note and policy were the same as in the case be-

fore us.   After the maturity of the note a payment was
made thereon and the note was left with an agent for col-
lection.   Before the note had been fully paid, the property
covered by the policy, was destroyed by fire.   In an action
to recover for the loss it was held (we quote from the syl-
labus): "That the policy was voidable only at the election
of the insurance company, and that by receiving and re-
taining the part payment after the default and retaining
the note for collection it waived the right to insist upon a
forfeiture thereof."   Whether had a loss occurred after the
maturity of the note in question, and an action had been
brought to recover upon the policy, the company could
have interposed as a defense that the note had not been paid
it is unnecessary to now decide, as the determination of
such question adversely to the company would not defeat
its action upon the note.   As elsewhere stated, the clause
contained in the policy was intended for the protection of
the company merely.   To permit the defendant to insist
that the contract of insurance terminated by his own fail-
ure to pay the note would allow the insured to take advan-
tage of his own laches or wrong, which the law will not
sanction.   The defendant contracted to pay the plaintiff
$40 for carrying the risk on his property for the full
period of five years, with the contingency, thoroughly un-
derstood at the time, that the insurance might be suspended
by the failure of the insured to pay the premium when
due.   There is no stipulation releasing the defendant from
the payment of any portion of the note in case he should
fail to comply with the contract.   The company has fur-
nished and the defendant has received all the contract re-
quired.   The insured could have continued the policy in
force for the five years, had he chosen to do so, by paying the
note according to its terms.   The company acquired a
present vested right in the premium as an entirety imme-
diately upon the execution and delivery of the note and
policy.   The failure of the assured to pay the note did not

render the policy absolutely void, but merely suspended it during the continuancy of the default. A voluntary or enforced payment of the premium would have the effect to revive the policy for the remainder of the original term of the risk. We are fully satisfied that plaintiff is not restricted to a recovery of such part of the premium as equaled the customary short rates for one year's insurance, but it was entitled to collect the full amount of the note. The construction we have placed upon the stipulations of the parties is sustained by the following authorities: *American Ins. Co. v. Klink,* 65 Mo., 78; *Robinson v. Insurance Co.,* 51 Ark., 441; *American Ins. Co. v. Henley,* 60 Ind., 515; *St. Paul Fire & Marine Ins. Co. v. Coleman,* 43 N. W. Rep. [Dak.], 693; *Continental Ins. Co. v. Boykin,* 25 S. Car., 323; *Continental Ins. Co. v. Hoffman,* 25 S. Car., 327; *Minnesota Farmers Mutual Fire Ins. Association v. Oleson,* 44 N. W. Rep. [Minn.], 672.

The defendant relies upon three cases to justify his position, namely, *Yost v. American Ins. Co.* 39 Mich., 531, *American Ins. Co. v. Stoy,* 41 Mich., 385, and *Matthews v. American Ins. Co.,* 40 O. St., 135. These cases are not like the one under consideration. In each a note payable in annual installments was given for the premium, each installment being a premium for a distinct year's insurance. The policy stipulated that, if any installment was not paid at maturity, the policy should be null and void until payment was made. It was held that the insurance was not for a term of years, but as an annual insurance renewable each year for a period not exceeding such term, the policy was void so long as there was any default in the payment of any installment, and that no recovery could be had for successive installments of the premium. In the case before us the defendant agreed to pay a gross sum as premium for the carrying of the risk for the full period of five years, subject to the provisions of the policy. In the Ohio case two of the judges dissented, and the Michi-

gan court in *Williams v. Albany City Ins. Co.*, 19 Mich., 451, and *Canfield v. Continental Ins. Co.*, 47 Mich., 447, in continuing an insurance policy purporting to be for five years containing a stipulation that upon the non-payment at maturity of any installment note given for the premium the policy should be void until revived and the whole amount of installments remaining unpaid should be considered earned, decided that the insured was liable upon the installment notes, thereby recognizing the law as we have stated it to be.

The findings and judgment of the district court are reversed, and the cause remanded.

REVERSED AND REMANDED.